**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 15, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OSCAR NEVAREZ-NEVAREZ,

Defendant - Appellant.

No. 06-2281
D. New Mexico
(D.Ct. No. CR-05-2585-LH)

Before **KELLY, McWILLIAMS** and **O'BRIEN**, Circuit Judges.

**ORDER AND JUDGMENT**[*]

Oscar Nevarez-Nevarez pled guilty to illegal reentry after deportation, a violation of 8 U.S.C. § 1326(a)(1), (b)(2). He appeals from the sentence imposed, claiming it is unreasonable. We affirm.

## I. BACKGROUND

Nevarez-Nevarez was arrested in New Mexico for illegal reentry into the United States after he was previously deported based on a conviction for an aggravated felony stemming from a traffic altercation in which he pointed a

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

firearm at another motorist. He pled guilty to the illegal reentry charge.

In his sentencing memorandum, Nevarez-Nevarez requested the district court to impose a sentence below the guidelines range. He argued the sentencing factors listed in 18 U.S.C. § 3553(a) warranted a lower sentence than the guidelines recommended.[2] Without specifically treating each of the factors enumerated in 18 U.S.C. § 3553(a), the judge imposed a sentence at the lower end of the guideline range, fifty-seven months imprisonment.

Nevarez-Nevarez now claims the sentence is procedurally unreasonable because the judge failed to sufficiently supply the reasoning for the selected sentence. He also argues the length of the sentence is substantively unreasonable under *Booker v. United States*, 543 U.S. 220 (2005).

## II. DISCUSSION

"Reasonableness has both procedural and substantive components." *United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006). Procedural reasonableness requires a sentence to be calculated "utilizing a legitimate method." *Id.* Thus, where a sentence is within the properly calculated guideline range and the district court has stated its reasoning under § 3553(a), the sentence will be considered

---

[2] In essence, Nevarez-Nevarez requested a variance. A variance occurs "[w]hen a court enhances or detracts from the recommended range through application of § 3553(a) factors." *United States v. Atencio*, 476 F.3d 1099, 1101 n.1 (10th Cir. 2007). On the other hand, a departure occurs "when a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines." *Id.*

procedurally reasonable. Nevarez-Nevarez concedes the district court properly calculated the guideline range. However, his complaints about the sufficiency of the court's stated rationale under § 3553(a) amount to a procedural reasonableness challenge. *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1115, 1118 (10th Cir. 2006) (remanding for failure to state § 3553(a) reasons for sentence within range). His more generally styled complaint of "reasonableness" is essentially a substantive reasonableness challenge.

A.    Standard of Review

Nevarez-Nevarez failed to object to the district court's sentencing procedure; therefore, his procedural reasonableness objections will be reviewed for plain error. *United States v. Romero*, __ F.3d __ (10th Cir. 2007), 2007 WL 1874231 at *3. "We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at *5.

On the other hand, Nevarez-Nevarez presented sufficient argument in the district court to preserve his substantive reasonableness argument. Therefore, we will review that claim for harmless error. *See* Fed. R. Crim. P. 52. To satisfy the harmless error test, there must be an error affecting substantial rights. Fed. R. Crim. P. 52(a).

B.    Procedural Reasonableness

The district court was required to "state in open court the reasons for its

imposition of the particular sentence, and . . . the reason for imposing [the] sentence at a particular point within the [guideline] range." 18 U.S.C. § 3553(c). The factors to be applied from § 3553(a) include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution. *See* 18 U.S.C. § 3553(a). Nevarez-Nevarez argues the district court did not sufficiently address these factors in open court.

In sentencing Nevarez-Nevarez, the district court stated as follows:

You've spent a year in prison in '98 because of a theft of an automobile, and you get out, and you get arrested and convicted of aggravated assault by pointing a gun at somebody. Your attorney minimizes . . . that crime of assault with a deadly weapon because you didn't hurt anybody, but if you have ever had a gun pointed at you in anger, or as a victim of a robbery, or in some similar situation, you might realize the scars that it puts on the victim. It's not a child's game to point a gun at another person. . . . And I will not minimize that as your attorney has. It is sad you haven't spent time with your children, but we make choices in life, in our lives. . . . And you made a choice by obtaining a stolen gun. I don't know how you got it, but it was stolen. You used it to point at somebody, and that's a choice you made. . . . You have to learn to make the right choices. And if you don't learn that, your life is going to continue to be the way it has been. So I have empathy for your children for

-4-

having not known their father, but not for you.

(R. Vol. IV at 5-6.)

The district court made this statement after hearing Nevarez-Nevarez's argument on the § 3553(a) factors, which repeated the arguments advanced in a prior sentencing memorandum. First, Nevarez-Nevarez argued a lower sentence would adequately deter him, and the public thereby protected, from future criminal activity because of his six month pre-sentencing incarceration on the illegal reentry charge, which resulted in an undesirable separation from his family. He also asserted, although he has "no demonstrated need of educational or vocational training" or "medical treatment," his "extreme anxiety" resulting from his incarceration would be best treated by sending him to his home in Mexico. (R. Vol. I, Doc. 15 at 4.) Finally, he argued USSG §2L1.2 should not be used to enhance his base offense level by 16 levels for a prior "crime of violence" because the prior felony assault did not result in physical harm. He maintained the goal of uniformity in sentencing would be undermined by the application of the same enhancement that is applied to murderers and forcible sex offenders.

"[Section 3553(c)'s] requirement [that district court's state their reasoning] reflects sound judicial practice. Judicial decisions are reasoned decisions." *Rita v. United States*, 127 S.Ct. 2456, 2468 (2007). However, the Supreme Court has declined to ". . . read the statute (or [its] precedent) as insisting upon a full opinion in every case." *Id.* Rather,

[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances. Sometimes a judicial opinion responds to every argument; sometimes it does not; sometimes a judge simply writes the word "granted," or "denied" on the face of a motion while relying upon context and the parties' prior arguments to make the reasons clear. The law leaves much, in this respect, to the judge's own professional judgment.

*Id*.

Given the context, we think the district court's statement sufficiently satisfied § 3553(c). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a . . . sentence [outside the guideline range], . . . the judge will normally . . . explain why he has rejected those arguments. Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." *Id.* Although "the judge might have said more," we think the record shows the district court listened to the relatively simple and general arguments Nevarez-Nevarez advanced. *Id.* at 2469 (noting conceptual simplicity of the case as relieving the court of the need to more extensively detail its rationale). The court explicitly addressed the most complex argument Nevarez-Nevarez advanced regarding the aggravated felony, observing the offense could very well have injured the victim, albeit not physically.

As to the other factors, the court stated it considered the § 3553(a) factors and denied the motion; apparently, "[the district judge] must have believed that there was not much more to say." *Id.* Because the district court sufficiently explained its reasoning for Nevarez-Nevarez's sentence, the sentence is

procedurally reasonable.[3]  Discerning no error, the plain error test fails at the first prong as to the procedural reasonableness challenge.

###### C.    Substantive Reasonableness

As we recognized in *Cage*, a procedurally reasonable sentence may nevertheless be substantively unreasonable.  541 F.3d at 591.  Because Nevarez-Nevarez concedes the court sentenced him within the properly calculated guideline range, a rebuttable presumption of reasonableness attaches to the sentence.  *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006).  Nevarez-Nevarez may rebut the presumption by reference to the factors of § 3553(a).  *Id*.

Nevarez-Nevarez's substantive argument mirrors the arguments advanced before the district court.  We discern no error in the district court's resolution of these arguments.  First, we agree a lower sentence would not adequately deter Nevarez-Nevarez from future reentries.  As he explained to the district court, he was motivated to enter this country because his children were here while he was in Mexico; upon his deportation, these same motivating circumstances will persist and the best predictor of behavior is past behavior.

---

[3] At oral argument, counsel argued for a distinction between prior colloquies between the court and a defendant and the actual pronouncement of judgment.  We decline to accept such a technical rule; rather, part of the relevant circumstances that will necessarily inform the district judge's professional judgment on the extent and detail of reasoning is the context of the proceedings, including any statements made to the defendant prior to sentencing.

His argument that his sentence should be shortened to "relieve his anxiety" is exceptionally weak. Indeed, he conceded in his sentencing memorandum that he had no specific medical conditions which required treatment.

We are also unpersuaded by his attempts to "minimize" his prior aggravated felony. Although – fortunately – Nevarez-Nevarez did not actually discharge the firearm during the traffic altercation, we agree with the district court that pointing a firearm at someone is "not a child's game." Such action constitutes a serious felony entailing significant risks of serious bodily injury or death.

The guidelines systemically and systematically catagorize behavior that is sufficiently dangerous to warrant an enhancement of punishment. The district court is in a unique position to personalize those factors in accordance with § 3553 and adjust the sentence accordingly. When guidance from the Sentencing Commission – expressed in the guidelines – coincides with the judgment of a district court on an appropriate sentence, we will presume the sentence is reasonable. *Rita*, 127 S.Ct. at 2467 ("[W]here judge and Commission *both* determine that the Guidelines sentences is an appropriate sentence for the case at hand, that sentence likely reflects the § 3553(a) factors . . . ."); *Kristl*, 437 F.3d at 1054 (sentences within the properly calculated guideline range are entitled to a rebuttable presumption of reasonableness). We see no reason to discount the presumption in this case.

**AFFIRMED**.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge