F I L E D
United States Court of Appeals
Tenth Circuit

August 20, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE ESTEBAN MENDEZ-
MONTES,

Defendant - Appellant.

No. 06-2323
(D.C. No. CR-06-1245 BB)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

Defendant-Appellant José Esteban Méndez Montes pleaded guilty to illegal

reentry after deportation in violation of 8 U.S.C. § 1326(a)(1) & (2), and

§ 1326(b)(2), and was sentenced to forty-six months' imprisonment and three

years' unsupervised release. On appeal, Mr. Méndez argues that the district court

incorrectly analyzed his motion for a variance under United States v. Booker, 543

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

U.S. 220 (2005), as a motion for a downward departure under the Sentencing Guidelines. Mr. Méndez also argues that his sentence is procedurally and substantively unreasonable under Booker. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we conclude that the district court properly analyzed Mr. Méndez's motion under the standard for a downward departure and that Mr. Méndez's sentence is procedurally and substantively reasonable. We therefore affirm.

**Background**

Mr. Méndez pleaded guilty on June 20, 2006. The pre-sentence investigation report (PSR) characterized his prior conviction for aggravated assault with a deadly weapon as a "crime of violence" and recommended that the district court enhance his base offense level by sixteen levels. With the enhancement and a three-level reduction for acceptance of responsibility, the PSR concluded that Mr. Méndez had a total offense level of twenty-one and a criminal history category III. It calculated an advisory Guidelines sentence of forty-six to fifty-seven months' imprisonment with two to three years' supervised release.

On September 29, 2006, Mr. Méndez filed a "Sentencing Memorandum and Motion for Downward Departure." R. Doc. 17. In the filing, he raised three arguments for a lower sentence:

(1) his conduct in returning to the United States was precipitated solely by his fervent desire to assist in the financial well-being

- 2 -

of his family and thus was a lesser harm within the meaning of U.S.S.G. § 5K2.11 and 5K2.0;

(2)   his Criminal History Category of III significantly over-represents both the seriousness of his history and the likelihood that he will commit further crimes, U.S.S.G. § 4A1.3.; and

(3)   the combination of these factors takes the case out of the heartland of illegal reentry cases, see § 5K2.0, comment.; United States v. Koon, 518 U.S. 81, 111-112 (1996); United States v. Sklar, 920 F.2d 107, 116 (1st Cir. 1990).

Id. at 1. He also noted that the district court could consider the factors in 18 U.S.C. § 3553(a), but the motion's conclusion unmistakably sought a downward departure. Id. at 10. On October 23, 2006, the district court conducted a sentencing hearing and stated that it had read the motion. Other than the objections listed in his motion, Mr. Méndez did not object to the calculation of the advisory Guidelines range. Defendant's counsel then renewed his motion for a downward departure, and also injected an argument based on Booker, stating: "But I think, ultimately, I would rely more on Booker grounds than family circumstances. . . . But I would ask the Court to depart in this case." Sent. Tr. (IV R.) at 3. Defendant's counsel and the district court then discussed Mr. Méndez's criminal history and his prior conviction for aggravated assault.

After the exchange regarding Mr. Méndez's criminal history, the district court stated:

All right. Well, his criminal record, frankly, persuades me that a downward departure under Booker is not well taken. He's got two

assaults and controlled substance violations. Unlike the last defendant, he really does not have a criminal record that gives me any confidence that he will not be back in our system.

Id. at 5. The district court then discussed the aggravated assault and robbery convictions with Mr. Méndez himself. Id. at 5-6. Then, the district court imposed its sentence, stating:

> The Court has reviewed the presentence report and factual findings and has also considered the Sentencing Guideline recommendations, as well as the factors set forth in 18 United States Code, Section 3553. The offense level is 21, the criminal history is category 3, the guideline imprisonment range is, therefore, 46 to 57 months.
>
> The Court notes that defendant reentered the United States after having previously been deported following an aggravated felony conviction. Therefore . . . . the Defendant . . . will be [sentenced] to serve a term of 46 months.

Id. at 7-8.

## **Discussion**

Mr. Méndez now argues that the district court erred by applying a Guidelines departure analysis to his motion and that the forty-six month sentence is procedurally and substantively unreasonable. With regard to his first argument, Mr. Méndez failed to object at the sentencing hearing, so review is for plain error. See United States v. Romero, – F.3d –, 2007 WL 1874231, at *3 (10th Cir. 2007). Mr. Méndez relies upon our decision in United States v. Begay, 470 F.3d 964 (10th Cir. 2006), where we excused a defendant's failure to object based on the

district court's novel (and incorrect) view of the Guidelines, a view that counsel could not anticipate before it was too late to object. Begay is factually inapposite. Here, Mr. Méndez specifically argued for a downward departure in his written motion, even citing the relevant departure provisions of the Guidelines. Although he invoked Booker at the sentencing hearing, he still asked the district court to "depart." Consequently, when the district court noted that it did not think Mr. Méndez was entitled to a "downward departure," it conducted exactly the analysis Mr. Méndez asked for, so there was no error, plain or otherwise. Regardless, even if there were error, we would not recognize it under the plain error standard because it did not "seriously affect[] the fairness, integrity, or public reputation" of the proceedings. See Romero, 2007 WL 1874231, at *5.

With regard to Mr. Méndez's argument that the district court nonetheless imposed a sentence that is procedurally and substantively unreasonable under Booker, we are unpersuaded. We have noted that reasonableness has both procedural and substantive elements. See United States v. Cage, 451 F.3d 585, 591 (10th Cir. 2006). In Rita v. United States, 127 S. Ct. 2456 (2007),[1] the Supreme Court suggested that reasonableness review is the same as review for abuse of discretion. Id. at 2465. Mr. Méndez failed to object to the procedural

---

[1] Mr. Méndez requested that we hold this matter in abeyance pending the Supreme Court's decisions in Rita and Claiborne v. United States. Aplt. Br. at 25. That request is now moot.

reasonableness of his sentence at the sentencing hearing, so his Booker procedural reasonableness challenge is subject to review for plain error. See Romero, 2007 WL 1874231, at *3. Mr. Méndez argues that the district court failed to analyze the sentencing factors in § 3553(a), that it failed to explain why it rejected Mr. Méndez's motion for a downward departure, and that it failed generally to give a sufficient explanation for his forty-six month sentence.

In Rita, the Supreme Court made clear that a district court need only set forth enough explanation to "satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." 127 S. Ct. at 2468. Additionally, the Court noted that "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Id. The Court stated that "[t]he law leaves much, in this respect, to the judge's own professional judgment." Id.

In this case, the district court engaged in a colloquy with both Mr. Méndez and his counsel regarding the arguments for a downward departure. It rejected those arguments based on Mr. Méndez's criminal record and the likelihood of his recidivism. Based on the record, it is clear that the district court considered Mr. Méndez's motive for returning to the United States and the atypicality of his conviction for aggravated assault with a deadly weapon. The district court indicated that it had read the motion which addressed Mr. Méndez's motive, see

R. Doc. 17, at 4-6, and it heard argument on the circumstances surrounding the conviction for aggravated assault, Sent. Tr. (IV R.) at 4-5. The district court indicated that it had considered the § 3553(a) factors, and there is no reason to believe it forgot the facts of the case as it declined to vary from the recommended Guidelines sentence. As in Rita, the record in this case makes clear that the district court considered Mr. Méndez's arguments, evaluated the evidence, and exercised its own discretion in applying the § 3553(a) factors. The district court "simply found these circumstances insufficient to warrant a sentence lower than the Guidelines range." See Rita, 127 S. Ct. at 2469. We conclude that the district court did not abuse its discretion with regard to its sentencing procedure, and so there is no error, plain or otherwise.

Likewise we conclude that Mr. Méndez's sentence is substantively reasonable. A sentence within the advisory Guidelines range carries a presumption of reasonableness. United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006); see also Rita, 127 S. Ct. at 2462 (upholding the appellate presumption of reasonableness). Mr. Méndez's sentence of forty-six months' imprisonment is at the low end of the advisory Guidelines range. He argues that this sentence is too long because he suffered an abusive childhood and because the victim of his aggravated assault was abusive. The district court considered these arguments and found that they were insufficient to justify a reduction in his sentence, given Mr. Méndez's propensity to commit crime. We must defer to the

district court, whose exercise of discretion was well within the bounds of permissible choice. See United States v. Nickl, 427 F.3d 1286, 1300 (10th Cir. 2005).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge