**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARY LYNN LOGSTON,

Defendant - Appellant.

No. 07-5092
(D.C. No. 06-CR-194-001-CVE)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

In March 2007, Defendant Gary Lynn Logston pled guilty to one count of
Possession of Certain Material Involving the Sexual Exploitation of Minors, in
violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Defendant was sentenced to
eighty-eight months' imprisonment followed by ten years of supervised release.
In addition, he was ordered to pay a fine of $800 and an assessment of $100. The

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

After examining the brief and the appellate record, this panel has
determined unanimously that oral argument would not be of material assistance in
the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument.

judgment was filed on May 25, 2007, and Defendant timely appealed. Defendant's counsel moved to withdraw from the appeal and submitted an *Anders* brief stating he found Defendant's appeal wholly frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). Defendant was given proper notice and an opportunity to respond to counsel's *Anders* brief but did not file a response.

Counsel, in his *Anders* brief, highlights three obstacles rendering Defendant's appeal wholly frivolous. First, because Defendant did not seek to withdraw his guilty plea nor object to any error in the plea hearing, we must find plain error to overturn the plea on appeal. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). "We find plain error only where there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007). We find no plain error in the guilty plea in this case. The document containing Defendant's plea is comprehensive and expresses Defendant's voluntary choice to waive trial and to plead guilty. The plea hearing transcript also demonstrates Defendant voluntarily waived his trial rights and chose to plead guilty.

Second, Defendant did not object to either the facts or the conclusions in the presentence investigation report. Thus, Defendant can only prevail if this court finds plain error in the PSR. We find no plain error. The PSR correctly calculated the offense levels, and the PSR facts, to which Defendant did not

object, support the sentence enhancements.

Third, counsel's *Anders* brief states that Defendant cannot successfully challenge his sentence. We agree Defendant cannot demonstrate that his sentence is either procedurally or substantively unreasonable. "[W]e review sentencing decisions for reasonableness, which has both procedural and substantive components." *United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007). "In setting a procedurally reasonable sentence, a district court must calculate the proper advisory Guidelines range and apply the factors set forth in § 3553(a)." *Id.* "A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case." *Id.* Although we review the ultimate sentence for reasonableness, "we continue to review the district court's application of the Guidelines de novo, and we review any factual findings for clear error." *United States v. Townley*, 472 F.3d 1267, 1275–76 (10th Cir.), *cert. denied*, 127 S.Ct. 3069 (2007). "Where the district court correctly applies the Guidelines and imposes a sentence within the applicable Guidelines range, that sentence is entitled to a rebuttable presumption of reasonableness." *Id.* at 1276 (internal quotation marks omitted).

Because Defendant did not object to the calculation of the Guidelines range before the district court, we review only for plain error. *Romero*, 491 F.3d at 1178. Here, we find no error in the court's application of sentencing enhancements pursuant to Section 2G2.2 of the Guidelines. In addition, the court

appropriately considered Defendant's request for a sentence on the low end of the range, the Guidelines applications, and the § 3553 (a) factors before issuing a sentence it concluded was reasonable in light of the number of images involved, the Defendant's minimal criminal history, and the fact that the Government did not object to a sentence in the middle of the range.[1] The district court correctly calculated the advisory Guidelines range of seventy-eight to ninety-seven months and sentenced Defendant to eighty-eight months.

As to the substantive reasonableness of Defendant's sentence, we conclude Defendant cannot successfully rebut the presumption of reasonableness attached to his Guidelines-range sentence. Given the astounding number of images in the case, even when contrasted with Defendant's minimal criminal history, we are not persuaded that a sentence in the middle of the applicable Guidelines range is substantively unreasonable. Therefore, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[1]The court stated it would have given a sentence on the high end of the range if the Government had advocated for it.