**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DANIEL ROMERO,

      Defendant-Appellant.

No. 06-2052

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CR-O5-1664-JC)**

---

Leon Schydlower, El Paso, Texas, for Defendant-Appellant.

David N. Williams, Assistant United States Attorney, Albuquerque, New Mexico, (David
C. Iglesias, United States Attorney, Albuquerque, New Mexico; Terri J. Abernathy,
Assistant United States Attorney, Las Cruces, New Mexico, with him on the brief), for
Plaintiff-Appellee.

---

Before **BRISCOE, EBEL,** and **TYMKOVICH**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

      Defendant Daniel Romero appeals the fifty-seven month sentence imposed by the

district court following his plea of guilty to one count of reentry of a deported alien

previously convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2) and (b)(2). Romero argues that the district court erred in failing to address his request for a below-Guidelines sentence based on cultural assimilation and in failing adequately to ascertain that he, as well as his attorney, had been provided an opportunity to review the presentence investigation report. We exercise jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm Romero's sentence.

## I. BACKGROUND

On July 2, 2001, Romero, a Mexican national, pled guilty in New Mexico state court to the offenses of armed robbery and conspiracy to commit armed robbery. Romero was subsequently deported to Mexico on July 24, 2003. On April 27, 2005, Romero was taken into custody by United States Border Patrol agents in or near Hobbs, New Mexico. During processing, Romero admitted that he had illegally reentered the United States near Nogales, Arizona, on or about January 27, 2004.

Romero was subsequently indicted by a federal grand jury on one count of illegal reentry of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2) and (b)(2). Romero pled guilty to the charge, and a presentence investigation report (PSR) was prepared and disclosed to the parties. The PSR calculated a total offense level of twenty-one, arrived at by imposing a base offense level of eight pursuant to U.S.S.G. § 2L1.2(a), adding sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because Romero was previously deported following a conviction for a crime of violence, and subtracting three levels pursuant to U.S.S.G. § 3E1.1 for

acceptance of responsibility. Combining this total offense level with Romero's criminal history category of IV, the PSR recommended a guideline range of 57 to 71 months' imprisonment. Romero did not file any objections to the PSR.

At the sentencing hearing, the district court first asked defense counsel whether he "had an opportunity to review the presentence report with [his] client," to which defense counsel responded "Yes, we have, Your Honor." ROA, Vol. IV at 2. The court then asked if there was anything defense counsel wanted to say on Romero's behalf. Defense counsel stated in response:

> Your Honor, a year and a half ago I would have filed a motion for a downward departure on cultural assimilation for this client, fully cognizant of what is his robust criminal history, and I would acknowledge that.
> But he was brought here when he was eight months of age. He knows no other home. He has already been deported once; hence, the 1326.
> He's going to be deported to a country he doesn't know, away from family and friends. And again, I make this request fully cognizant of what is a checkered history.
> But his guideline range is 57 to 71 months, and I wonder if the Court would exercise its discretion, now that the guidelines are advisory, to lower that to one step lower, which would be 46 months if at the low end.

Id. at 2-3. The district court then announced that it would impose a sentence falling within the Guidelines range:

> The Court has reviewed the presentence report factual findings and has considered the sentencing guideline applications and the factors set forth in 18 United States Code Section 3553(a)(1) through (7).
> The offense level is 21. The criminal history category is IV. The guideline imprisonment range is 57 to 71 months.
> The Court notes the defendant illegally reentered the United States after having been previously deported subsequent to an aggravated felony conviction.

-3-

As to the redacted indictment, Criminal Cause 05-1664, the defendant, Daniel Romero, is committed to the custody of the Bureau of Prisons for a term of 57 months.

Id. at 6-7. Neither Romero nor his counsel objected after the district court's imposition of sentence. This timely appeal followed.

## II. DISCUSSION

### 1. Procedural Reasonableness under 18 U.S.C. § 3553(c)

Romero first argues that his sentence was unreasonable under 18 U.S.C. § 3553(c) because the district court failed to explain its reason for rejecting his cultural assimilation argument for a below-Guidelines sentence.[1] Although our reasonableness review after United States v. Booker, 543 U.S. 220 (2005), "encompasses both the reasonableness of the length of the sentence, as well as the method by which the sentence was calculated," United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006) (per curiam) (italics omitted), Romero here challenges only the method by which the district court calculated his sentence; he makes no argument that the length of the sentence imposed was unreasonable. Thus, he alleges only procedural unreasonableness.[2]

---

[1] Section § 3553(c) states, in relevant part, "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . ."

[2] Romero alternatively phrases his argument as alleging that "remand is required because this court is unable to assess the reasonableness of the sentence as required by Booker because the District Court failed to state its reasons for imposing the sentence." This formulation still characterizes the district court's error as a procedural failure to explain the sentence, however, and again does not allege any error in the actual length of the sentence imposed. Thus, Romero's alternative phrasing does not change our holding that his appeal presents only a procedural challenge to his sentence.

## A. Standard of Review

It is clear from the record that, although Romero argued for a sentence below the Guidelines range at his sentencing hearing, he did not raise the procedural objection he now asserts after the district court imposed sentence. Our decisions have created some confusion as to the correct standard of review for an unpreserved procedural objection to the district court's failure to properly explain a sentence under 18 U.S.C. §§ 3553(a) and (c). In United States v. Lopez-Flores, we addressed this issue directly and held that, because the defendant-appellant did not object to the district court's lack of explanation after it announced his sentence, "plain-error review is appropriate." 444 F.3d 1218, 1221 (10th Cir. 2006). However, in Lopez-Flores, the defendant-appellant also failed to raise before the district court any substantive argument that the § 3553(a) factors merited a below-Guidelines sentence, raising some question as to whether this omission affected our determination that his procedural objection went unpreserved.

Further complications arose when, less than a month after Lopez-Flores was issued, we decided United States v. Sanchez-Juarez, in which we reviewed the same procedural question — whether the district court adequately explained the reasons for its within-Guidelines sentence under the § 3553(a) factors — without addressing the defendant-appellant's apparent failure to object on procedural grounds to the court's pronouncement of sentence. 446 F.3d 1109, 1114-15 (10th Cir. 2006). The facts of that case differed from Lopez-Flores in that the defendant-appellant had argued for a below-Guidelines sentence prior to the district court's imposition of a within-Guidelines

sentence. Id. at 1111-12. Proceeding directly to the substantive merits of the appeal, we reversed and remanded Sanchez-Juarez's sentence because he had raised a non-frivolous argument for a below-Guidelines sentence, invoking the § 3553(a) factors, and the district court gave no indication that it had considered this argument or explanation of its reasons for rejecting it. Id. at 1117.

Subsequent to Sanchez-Juarez, several of our cases have followed its approach and considered the merits of procedural arguments under § 3553(a) and (c) without addressing whether sufficient objection had been raised or preserved at the district court. See United States v. Branson, 463 F.3d 1110, 1112 (10th Cir. 2006); United States v. Paredes, 461 F.3d 1190, 1194 (10th Cir. 2006); United States v. Gillespie, 452 F.3d 1183, 1192 (10th Cir. 2006). On the other hand, we have also continued to cite Lopez-Flores for the proposition that "when the defendant fails to object to the method by which the sentence was determined, such as a claim that the Guidelines were misapplied or that the court did not adequately explain the sentence with reference to the factors set forth in 18 U.S.C. § 3553(a), we review only for plain error." United States v. Torres-Duenas, 461 F.3d 1178, 1182-83 (10th Cir. 2006); see also United States v. Jarillo-Luna, 478 F.3d 1226, 1229 (10th Cir. 2007); United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007).

In order to alleviate this confusion, we today clarify that Lopez-Flores controls our standard of review for unpreserved challenges to the method by which the district court arrived at a sentence, including arguments that the sentencing court failed to explain adequately the sentence imposed under the statutory factors in 18 U.S.C. § 3553(a). Our

-6-

conviction that the requirement of contemporaneous objection to procedural errors is consistent with our precedent and represents a reasonable burden on defendants rests on several grounds.

First, the principle of stare decisis requires that we accord precedential value to Lopez-Flores as to the particular issues that it actually decided. See United Food & Commercial Workers Union, Local 1564 v. Albertson's, Inc., 207 F.3d 1193, 1199 (10th Cir. 2000). Lopez-Flores explicitly considered the requirement of a procedural objection in the court below and held that, while a defendant need not object after pronouncement of sentence based on substantive reasonableness, i.e. the length of that sentence, he must object to any procedural flaws or receive, on appeal, only plain error review. 444 F.3d at 1221. Sanchez-Juarez, on the other hand, did not address the proper standard of review for an unpreserved procedural objection but simply applied reasonableness review. 446 F.3d at 1114. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." United Food & Commercial Workers Union, Local 1564, 207 F.3d at 1199 (quoting Webster v. Fall, 266 U.S. 507, 511 (1925)). In addition, Sanchez-Juarez was decided after Lopez-Flores; assuming that the standards of review applied in these cases conflict, we must regard the earlier decision as binding. Haynes v. Williams, 88 F.3d 898, 900 n.4 (10th Cir. 1996) ("[W]hen faced with an intra-circuit conflict, a panel should follow earlier, settled precedent over a subsequent deviation therefrom.").

-7-

Second, we agree with the analysis in Lopez-Flores of the benefits accorded by our general application of plain error review to unpreserved claims of error and of the benefits from this particular application of that practice. We noted there that

> [a] timely objection to the method [used to calculate the sentence] can alert the district court and opposing counsel, so that a potential error can be corrected, obviating any need for an appeal.
> Here, for example, an objection that the sentencing court had not adequately explained the sentence under the factors set forth in 18 U.S.C. § 3553(a) would have enabled the court either to correct a failure to consider those factors or to state affirmatively that the factors had been considered.

Lopez-Flores, 444 F.3d at 1221; see also United States v. Dominguez Benitez, 542 U.S. 74, 82 (2004) (noting that the plain error standard "encourage[s] timely objections and reduce[s] wasteful reversals by demanding strenuous exertion to get relief for unpreserved error").

Further, an en banc footnote to our opinion in United States v. Harris Atencio supports the requirement of raising procedural objections in front of the sentencing court. See 476 F.3d 1099, 1105 n.6 (10th Cir. 2007). There, we overruled our decision in United States v. Bartsma, 198 F.3d 1191, 1198 (10th Cir. 1999), and eliminated an exception to the plain error rule which had previously allowed unfettered review of unpreserved Rule 32(h) errors. Id. Rule 32(h), like § 3553(c), is a procedural rule, requiring that the sentencing court provide reasonable notice to the parties if it contemplates a departure or variance from the Guidelines sentencing range. In holding that a defendant must object to a Rule 32(h) violation at sentencing in order to preserve

-8-

the issue for review, Atencio noted that this requirement "both promotes . . . focused, adversarial resolution of the legal and factual sentencing issues . . . , and avoids inefficient appellate litigation by permitting the court below to cure its error." Id. at 1105 (quotation omitted). The en banc footnote also notes that, since the Atencio opinion provides ample notice to the parties of Rule 32's procedural requirements, "requiring objection at sentencing . . . is neither unfair nor burdensome." Id. at 1105 n.6. The concerns which prompted the en banc court to impose the duty on defendants to object to Rule 32(h) errors at sentencing also weigh strongly in favor of requiring defendants to object to §§ 3553(a) or (c) errors below.

Finally, the opinions of other circuit courts provide persuasive support for plain error review in this case. Published opinions from the First, Third and Ninth Circuits, as well as unpublished opinions from the Sixth and Eleventh Circuits, have allowed only plain error review when a defendant failed to procedurally object to the district court's imposition of sentence below. United States v. Gilman, 478 F.3d 440, 447 (1st Cir. 2007) (holding that a plaintiff who fails to object to the district court's explanation of his sentence "has forfeited his Section 3553(c)(1) argument, and he must thus make a showing of plain error to win a remand on that score"); United States v. Henry, 205 Fed. Appx. 763, 764 (11th Cir. 2006) (unpublished) ("[B]ecause Henry failed to raise the instant argument [that the district court erred by failing to consider the § 3553(a) factors] in the district court, our review of her claim is for only plain error."); United States v. Parker, 462 F.3d 273, 278 (3d Cir. 2006) (reviewing for plain error the defendant-

appellant's unpreserved argument "that the District Court failed to give a sufficient statement of reasons under 18 U.S.C. § 3553(c) for its imposition of sentence"); United States v. Harden, 195 Fed. Appx. 382, 385 (6th Cir. 2006) (unpublished) (holding that a defendant who "did not raise the issue of the procedural inadequacies of the district court's sentencing determination at [the sentencing hearing] . . . has forfeited his right to object to the procedural reasonableness of his sentence, and so we will review his procedural-reasonableness claim for plain error"); United States v. Knows His Gun, 438 F.3d 913, 918 (9th Cir. 2006) (holding that a defendant-appellant who "did not object [at sentencing] on the ground that the district court did not sufficiently address and apply the factors listed in § 3553(a)" could receive only plain error review of this claim on appeal).

We therefore conclude that, because Romero did not object on procedural grounds under § 3553(a) or (c) after the district court imposed his sentence, he has forfeited his right to appeal this issue and our review is only for plain error.

### B.    The district court did not commit plain error.

We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Lopez-Flores, 444 F.3d at 1222.  The plain error standard presents a heavy burden for an appellant, one which is not often satisfied.  See United States v. Toro-Pelaez, 107 F.3d 819, 827 (10th Cir. 1997) ("[T]he plain-error exception to the contemporaneous-objection rule is to be used sparingly, solely in those

circumstances in which a miscarriage of justice would otherwise result." (quoting United States v. Young, 470 U.S. 1, 15 (1985) (alteration in original))).

It is clear that under plain error review, Romero's procedural reasonableness argument under § 3553(c) cannot succeed, for he has entirely failed to allege that any error by the district court affected his substantial rights. "For an error to have affected substantial rights, 'the error must have been prejudicial: It must have affected the outcome of the district court proceedings.'" United States v. Trujillo-Terrazas, 405 F.3d 814, 819 (10th Cir. 2005) (quoting United States v. Olano, 507 U.S. 725, 734 (1993)). The burden to show that substantial rights have been prejudiced is on "the party that failed to raise the issue below," id.; in this case, Romero bears this burden. Romero, however, does not argue on appeal that the court's failure to explain his sentence affected his substantial rights, and we will not supply such an argument for him. See Salehpoor v. Shahinpoor, 358 F.3d 782, 785 (10th Cir. 2004) (holding that "[w]e will not manufacture a party's argument on appeal when it has failed in its burden to draw our attention to the error below."). Indeed, at oral argument, Romero conceded that if a plain error standard of review is applied to his case, he cannot prevail. Thus, we need not consider the other elements of plain error review in order to conclude that Romero has failed to satisfy his burden on appeal as to this issue. See United States v. Edward Atencio, 435 F.3d 1222, 1231-32 (10th Cir. 2006) (declining to reverse appellants' sentences for plain error because they failed to "carr[y] their burden of demonstrating that any error . . . prejudiced

the result of their trial.").  Based on our plain error review, we therefore decline to reverse his sentence on the ground of procedural unreasonableness under § 3553(c).

> **2.      Failure to Ascertain that Romero Reviewed the Presentence Report under Rule 32(i)(1)(A)**

Romero also contends that the district court's failure at the sentencing hearing to ask Romero directly — as opposed to his counsel — whether he had reviewed the PSR was error under Fed. R. Crim. P. 32(i)(1)(A).  The parties agree that Romero did not raise this issue below; we therefore review this issue too for plain error.  See United States v. Williamson, 53 F.3d 1500, 1527 (10th Cir. 1995) (applying plain error review where the appellant failed to object to the district court's failure to make findings under precursor to Rule 32(i)(3)).

Rule 32(i)(1)(A) requires that "[a]t sentencing, the court[] must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report."  We have rejected a reading of this language that would require the district court to gain this information by directly questioning the defendant. United States v. Rangel-Arreola, 991 F.2d 1519, 1525 (10th Cir. 1993) (holding that the precursor to Rule 32(i)(1)(A) "merely requires the court to determine whether the defendant and defendant's counsel had the opportunity to read and discuss the report, but does not require the court to address the defendant personally").   Instead, the district court "may draw reasonable inferences from court documents, the defendant's statements,

and counsel's statements in determining whether the defendant and counsel had the opportunity to read and discuss the presentence report." Id. (quotation omitted).

The district court here asked defense counsel whether "he had an opportunity to review the presentence report with [his] client," to which defense counsel responded "Yes, we have, Your honor." ROA Vol. IV at 2 (emphases added). From this, the district court could draw a reasonable inference that Romero had reviewed and discussed the PSR with his counsel. See United States v. Frisby, 182 F.3d 933, 1999 WL 314628 at *2 (10th Cir. May 19, 1999) (unpublished) (holding that court's question as to whether the parties and their counsel had "received and reviewed" the PSR, and defense counsel's affirmative response, was sufficient to satisfy the precursor to Rule 32(i)(1)(A)).

In addition, this court – unlike the Sixth and Seventh Circuits[3] – requires a defendant to demonstrate prejudice resulting from a district court's error in failing to verify that the defendant had the opportunity to read and discuss the PSR under Rule 32(i)(1)(A). Rangel-Arreola, 991 F.2d at 1526 n.5 ("[W]e will not remand for resentencing without some showing of prejudice by the defendant."); United States v.

_____

[3]Romero appears to wish this court to adopt the reasoning of these circuits. However, we have expressly considered their reasoning and rejected it. In Rangel-Arreola, we noted the Seventh Circuit's requirement that a district court directly ask certain questions of a defendant prior to sentencing but decided not to follow this approach. 991 F.2d at 1525 (reviewing but declining to adopt the reasoning of United States v. Rone, 743 F.2d 1169 (7th Cir. 1984)). We also noted that some circuits permit remand for a Rule 32 error without requiring the defendant to demonstrate prejudice, as did the Sixth Circuit in United States v. Mitchell, 243 F.3d 953, 955 (6th Cir. 2001), but we rejected this approach, noting that "[t]o remand when no prejudice exists is to require the district court to undergo an exercise in futility in order to obtain the same sentence." Rangel-Arreola, 991 F.2d at 1526 n.5.

-13-

Archer, 70 F.3d 1149, 1151 (10th Cir. 1995) (same). Romero concedes that Tenth Circuit law requires a showing of prejudice to allow remand under Rule 32(i)(1)(A), but makes no effort to demonstrate such prejudice. We therefore reject his Rule 32(i)(1)(A) argument.

### III.  CONCLUSION

Romero's appeal alleges procedural error under § 3553(c) in his sentencing; however, he failed to object to this error before the district court. As such, we are constrained to a plain error standard of review. Because Romero failed to argue that the alleged error affected his substantial rights, we decline to reverse his sentence on this ground. We also reject Romero's argument that the district court was required to ask him personally whether he had been afforded the opportunity to review his PSR prior to sentencing. The judgment of the district court is therefore AFFIRMED.