FILED
United States Court of Appeals
Tenth Circuit

July 15, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CURRY ADOYLE DAWSON,

Defendant - Appellant.

No. 07-7088

(E.D. Oklahoma)

(D.C. No. 6:07-cr-00016-RAW-5)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

Curry Adoyle Dawson pleaded guilty in the United States District Court for the Eastern District of Oklahoma to possession of a firearm in furtherance of a drug-trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A). The presentence report (PSR) stated that Mr. Dawson had cocked his gun and held it to the victim's head. Mr. Dawson did not object to this statement in the PSR, but at the sentencing hearing he disputed that he had put a gun to the victim's head. The district court

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

decided not to resolve the issue, because it would not impact its sentencing calculation. The court sentenced Mr. Dawson to seven years' imprisonment. On appeal Mr. Dawson contends that (1) he was not subject to a mandatory minimum sentence of seven years under 18 U.S.C. § 924(c)(1)(A)(ii), which provides for that minimum when the firearm is "brandished," because "brandishing" is a separate element of the offense that must be proved to a jury; and (2) the district court should have appended to the PSR a written determination that it was not resolving the factual dispute raised at the sentencing hearing. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Dawson concedes that his first contention is foreclosed by the Supreme Court's decision in *Harris v. United States*, 536 U.S. 545 (2002), so we need not elaborate further on that issue.

As for Mr. Dawson's second contention, he claims that under Fed. R. Crim. P. 32(i)(3)(C) the district court should have appended to the PSR a determination that a ruling on the factual dispute raised at the sentencing hearing was unnecessary.[1] But he did not raise this issue below. Therefore, we review for

_____

[1]Fed. R. Crim P. 32(i)(3) states:
Court Determinations. At sentencing, the court:
    (A)    may accept any undisputed portion of the presentence report as a finding of fact;
    (B)    must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the

(continued...)

-2-

plain error.  *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005).

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id*. (internal quotation marks omitted).  Without reviewing the first two prongs, we affirm on the third.  "[T]o have affected substantial rights, the error must have been prejudicial." *United States v. Romero*, 491 F.3d 1173, 1179 (10th Cir. 2007) (internal quotation marks omitted).  Mr. Dawson has failed to show prejudice.  He suggests that the Bureau of Prisons (BOP) will use against him the statement in the PSR that he held a gun to the victim's head, and he states that an addendum to the PSR "would have ensured the [BOP] would know he denied putting a gun to [the victim's] head, and that the district court had not found to the contrary."  Aplt. Reply Br. at 3.  But he can provide the BOP with a copy of the sentencing transcript (or this opinion) reciting that the district court made no finding on the matter.  In fact, the court stated:

> Well, I understand that the defendant is not in agreement with the
> part of the presentence report that he says he put the gun to the

---

[1](...continued)
      matter in sentencing; and
      (C)    must append a copy of the court's determinations under
      this rule to any copy of the presentence report made available
      to the Bureau of Prisons.

head. . . .  And I understand that and I want to say that on the record so you can have that disagreement public and on the record.  It doesn't make any difference, you understand, as far as the actual sentence goes.

R. Vol. 3 at 7–8.  Moreover, Mr. Dawson has not shown why he cannot request the district court to resolve this matter by filing a motion under Fed. R. Crim. P. 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.").

We AFFIRM the sentence and judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge