FILED
United States Court of Appeals
Tenth Circuit

May 13, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KANEAIS STANFORD,

    Defendant - Appellant.

No. 08-3312
(D. Kan.)
(D.Ct. No. 6:03-CR-10064-JTM-1)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1. The case is therefore ordered submitted without oral argument.

Kaneais Stanford was sentenced to two years imprisonment after violating two conditions of his supervised release; his second revocation. He contends the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court erred in consulting the Wichita Police Department's gang affiliation list in determining he associated with gang members and in considering that association in imposing sentence. We affirm.

## I. BACKGROUND

Some time ago Stanford pled guilty to being a felon in possession of a firearm and was sentenced to 37 months imprisonment followed by 24 months supervised release. After serving his term of incarceration he started supervised release. One of the standard conditions of his supervision prohibited him from "purchas[ing], possess[ing], us[ing], distribut[ing], or administer[ing] any controlled substances . . . except as prescribed by a physician." (R. Supp. Vol. I at 11.) A special condition of his supervision prohibited him from "be[ing] a member of any street gang, participat[ing] in any gang-related activities, or associat[ing] with any gang member during the term of supervision." (*Id.* at 12.)

Stanford had previously violated a different condition of his supervision (curfew) and, as a consequence, the terms of his release were modified to require him to "reside at a residential re-entry center program . . . for up to 120 days, at the direction of the U.S. Probation Officer." (*Id.* at 15.) On February 29, 2008, Stanford was placed in a halfway house.

On April 3, 2008, the United States Probation Office prepared an Amended Violation Report alleging Stanford violated the conditions of his supervised release by: (1) failing to reside at the halfway house (he left the halfway house on

March 27, 2008, without permission and without signing out, and his location was unknown as of April 3, 2008); and (2) drug use, as evidenced by a March 19, 2008 urinalysis which tested positive for Phencyclidine (PCP). The maximum term of imprisonment permitted upon revocation of his supervised release was 24 months. Considering his criminal history category of IV and a violation grade C, the recommended term was 6 to 12 months. *See* USSG §7B1.4(a). When Stanford was arrested on September 16, 2008, he was with two individuals listed on the Wichita Police Department's gang affiliation list.

On October 27, 2008, Stanford appeared at a violation hearing and admitted the charged acts. Upon that admission the judge found a violation and stated he was inclined to impose a sentence of 24 months imprisonment. The judge acknowledged the guidelines policy statement recommended imprisonment of 6 to 12 months but determined a longer sentence was warranted:

> I am finding that a sentence outside that policy range is warranted, based upon your history of noncompliance, your failure to make yourself available for supervision, and your recent criminal conduct, and having read the report and the circumstances of your having been arrested and using, apparently, the identification of someone else. Being in the presence of known gang members, that's also a source of concern to me.

(R. Vol. II at 6-7.) Defense counsel did not object to the proposed sentence. Stanford said: "You said something about me being around gang members before I got arrested. I wasn't around any gang members. I don't be involved with gang members." (*Id.* at 10.) The judge asked Stanford whether he was with Dewaun

Stanford and Leroy Dye when he was stopped by the police on September 16, 2008.  Stanford responded "Yes, sir" and the judge explained both of those individuals are known by the Wichita Police Department to be gang members.  The court sentenced Stanford to 24 months imprisonment.

## II.  DISCUSSION

Stanford claims the judge erred in considering the Wichita Police Department's gang affiliation list in arriving at his sentence.  He claims he received "no notice that the Court was going to consider alleged gang membership" and argues "[t]his Court should require some predicate proof of gang membership before the evidence can be used against a defendant." (Appellant's Br. at 4.)

"Under 18 U.S.C. § 3583(e)(3), when a person violates a condition of his or her supervised release, the district court may revoke the term of supervised release and impose prison time."  *United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004).  Before imposing such prison time, a district court is required to consider the factors provided in 18 U.S.C. § 3553(a)[1] and the policy statements in

---

[1] The § 3553(a) factors a court is required to consider include:

1) the nature and circumstances of the offense, 2) the history and characteristics of the defendant, 3) the need for the sentence to afford adequate deterrence to criminal conduct, 4) the need to protect the public from further crimes of the defendant, 5) the need to provide the defendant with needed training, medical care, or correctional treatment, and 6) the sentencing range established under the sentencing guidelines or the policy statements applicable to a violation of supervised release.

Chapter 7 of the guidelines, which "are advisory rather than mandatory in nature." *Id.* at 1305 (quotations omitted). "Because there is no applicable sentencing guideline for the sentence to be imposed after a violation of supervised release, our standard of review is plainly unreasonable." *Id.* at 1304 (quotations omitted). "[A] sentence in excess of that recommended by the Chapter 7 policy statements will be upheld if it can be determined from the record to have been reasoned and reasonable." *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006) (quotations omitted).

In determining whether a post-revocation sentence is both "reasoned and reasonable," we generally "review the district court's findings of fact for clear error and its legal interpretations of the Sentencing Guidelines de novo." *Kelley*, 359 F.3d at 1304. However, since Stanford did not challenge the district court's reliance on the gang affiliation list at sentencing, our review is for plain error. *See United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007); *see also Cordova*, 461 F.3d at 1186 (applying plain error review to a sentencing argument challenging the revocation of a term of supervised release). "We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Romero*, 491 F.3d at 1178.

We perceive no error here. While Stanford was not specifically alleged to

*Kelley*, 359 F.3d at 1304.

have violated the terms of his supervised release by affiliating with gang members, he admitted to being with individuals who were listed as known gang members—Dewaun Stanford and Leroy Dye—at the time of his arrest. If Stanford or his counsel had challenged Dewaun Stanford's and Leroy Dye's gang membership at sentencing, the judge would have been required to resolve the factual dispute. *See* Fed. R. Crim. P. 32(i)(3)(B) ("At sentencing, the court [ ] must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing . . . . "). However, the court is not required to resolve a factual dispute of which it is unaware. *See United States v. Wolfe*, 435 F.3d 1289, 1299 (10th Cir. 2006) ("[R]equiring a defendant to challenge any factual inaccuracies in the PSR before or during sentencing permits the district court to address those objections at a time and place when the district court is able to resolve those challenges.").

Even if we concluded Stanford's statement at sentencing that he was not with gang members at the time of his arrest was sufficient to trigger the court's factfinding obligation, we would not remand for resentencing because Stanford has not shown the court's consideration of the gang affiliation list affected his substantial rights. "In order to demonstrate that an error affected his substantial rights, a defendant must show a reasonable probability that the defects in his

-6-

sentencing altered the result of the proceedings." *United States v. Serrata*, 425 F.3d 886, 917 (10th Cir. 2005) (quotations omitted). Stanford has not made this showing. He does not challenge Dewaun Stanford's and Leroy Dye's gang membership on appeal. Moreover, it is clear from the record the judge would have imposed the same sentence even if he had not considered the fact Stanford was in the presence of known gang members at the time of his arrest. The judge explained to Stanford:

> I have sympathy for people who have drug problems, but I am also looking for people who, when they screw up . . . how you react to that . . . . And you ran away again. And you were gone for months . . . . [I]f you had turned yourself in any time between the end of March and having to be picked up . . . in September, maybe—maybe— . . . I might have been a little more willing to take another shot. But I thought I made it perfectly clear to you at the least hearing . . . . If you mess up again, you're going back. That was your last chance, and you had it. And nobody blew it, except you.

(R. Vol. II at 11-12.) Though the judge made passing reference to the gang affiliation list, it was clearly not the sole—or even primary—basis for the sentence. The record reveals the court was mindful of the relevant sentencing consideration, properly treated the Chapter 7 policy statements in an advisory rather than mandatory fashion, and imposed a reasoned and reasonable sentence.

**AFFIRMED.**

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

-7-