**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

GERARDO LOPEZ-GARCIA,

Defendant–Appellant.

No. 09-1199
(D.C. No. 1:08-CR-00499-PAB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Gerardo Lopez-Garcia appeals his sentence of forty-six months' imprisonment and three years' supervised release for re-entering the United States following deportation in violation of 8 U.S.C. § 1326. In a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967), Lopez-Garcia's counsel states that there are no non-frivolous arguments to present on appeal and moves for leave to withdraw. Exercising jurisdiction under 18

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

U.S.C. § 3742(a) and 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

I

While detained in a Colorado state detention center, Lopez-Garcia informed prison officials that he was not born in the United States. After being advised of his <u>Miranda</u> rights in Spanish, Lopez-Garcia consented to an interview with an immigration enforcement agent. Lopez-Garcia admitted that he was a citizen of Mexico, that he had been deported from the United States after serving a sentence for drug possession, and that he subsequently illegally re-entered the United States.

Lopez-Garcia then entered into a plea bargain in which he stipulated to the above-noted facts and agreed to plead guilty to one count of violating 8 U.S.C. § 1326. In return, the government agreed to recommend a sentence at the low end of the applicable United States Sentencing Guidelines range and to propose a three-level reduction in Lopez-Garcia's offense level for acceptance of responsibility. The plea agreement estimated that Lopez-Garcia's Guidelines range would be fifty-seven to seventy-one months' imprisonment. The agreement noted, however, that the court could impose a sentence up to the statutory maximum of twenty years' imprisonment and/or a fine of up to $250,000.

Lopez-Garcia's probation officer prepared a Pre-Sentence Investigation Report ("PSR") in advance of a sentencing hearing, which recommended a Guidelines range of forty-six to fifty-seven months' imprisonment and up to three years' supervised release.

At his sentencing hearing, Lopez-Garcia did not dispute any portion of the PSR. In accordance with the plea bargain, the government recommended forty-six months' imprisonment, the bottom of the advisory Guidelines range. Lopez-Garcia requested the same. The court adopted the factual stipulations of the plea agreement and the recommendation of the parties as to the sentence. After the court entered Lopez-Garcia's sentence, he timely filed a Notice of Appeal.

**II**

Under Anders, if an attorney examines a case and determines that any appeal would be "wholly frivolous," counsel may "so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that could potentially present an appealable issue. Id. The client may then choose to offer argument to the court. Id. If, upon close examination of the record, the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. Id. In this case, counsel served Lopez-Garcia with a copy of the appellate brief, and Lopez-Garcia did not file a response.

The only arguably appealable issue we discern in the record is the reasonableness of Lopez-Garcia's sentence. We review a district court's sentencing determination for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). A sentencing court abuses its discretion if it imposes a sentence that is procedurally or substantively unreasonable in light of the factors found in 18 U.S.C. § 3553(a). United States v. Geiner, 498 F.3d 1104, 1107 (10th Cir. 2007). Examples of procedural

-3-

unreasonableness include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. Where, as here, a defendant does not contemporaneously object to the sentencing procedure used, we review only for plain error. United States v. Romero, 491 F.3d 1173, 1176-78 (10th Cir. 2007). In the absence of significant procedural error, we determine the substantive reasonableness by looking to the totality of the circumstances. Gall, 552 U.S. at 51. "If the district court correctly calculates the Guidelines range based upon the facts and imposes [a] sentence within that range, the sentence is entitled to a presumption of reasonableness." United States v. Sutton, 520 F.3d 1259, 1262 (10th Cir. 2008) (citing Rita v. United States, 551 U.S. 338, 346 (2007)).

The district court did not commit plain error in arriving at Lopez-Garcia's sentence. The court correctly calculated his Guidelines range, stated it viewed the Guidelines as advisory, considered the § 3553(a) factors, and explained the basis for the sentence imposed. Moreover, Lopez-Garcia does not contend that the court based its determination on erroneous facts, and our independent review of the record shows no clear error.

Lopez-Garcia also points to no facts that would overcome the presumption that his sentence is substantively reasonable. In fact, he received a sentence lower than that estimated by the plea agreement. The court entered a sentence at the bottom of the

correctly calculated Guidelines range.  Any argument that his sentence was unreasonable is frivolous.

## III

For the foregoing reasons, we **GRANT** defense counsel's motion to withdraw and **DISMISS** the appeal.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge