**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 31, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ULFRANO OLIVAS-CASTANEDA,

Defendant - Appellant.

No. 12-2150

(D. New Mexico)

(D.C. No. 1:08-CR-02339-BB-1)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Defendant Ulfrano Olivas-Castaneda appeals his conviction in the United

States District Court for the District of New Mexico on two drug charges and his

sentence of 70 months' imprisonment. He argues (1) that the district court

committed plain error by allowing the government's law-enforcement witnesses to

interpret coded drug conversations without first assessing their qualifications as

experts under Fed. R. Evid. 702, and (2) that the district court committed

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

procedural error in imposing an obstruction-of-justice sentencing enhancement on the basis of his perjury without identifying the specific false testimony. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. We summarize the relevant facts as we discuss each issue in turn.

## I. DISCUSSION

### A. Admission of Police Testimony on Meaning of Drug Conversations

At trial the government introduced as evidence a series of recorded conversations between Defendant and others. Officers of the Drug Enforcement Administration (DEA) testified to the coded or implied meaning of the conversations.

On appeal Defendant argues that although the government did not characterize these law-enforcement witnesses as expert witnesses, their testimony was in fact expert opinion testimony under Fed. R. Evid. 702 and the district court erred by failing to assess the witnesses' qualifications and the reliability of their opinions. He concedes that he did not object to the testimony on this basis at trial and that our review is only for plain error. We will reverse for plain error only if Defendant can show "(1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007).

Defendant's claim fails on the second prong of plain-error review. Even if we assume that the testimony constituted expert opinion, we cannot say that the witnesses' testimony clearly violated Rule 702. That would depend on the officers' expertise and experience, and we have no way of knowing what that was. Because Defendant did not object to the testimony, there was no occasion for the government to make a record on those matters. "Where the determinative facts are missing from the record due to the defendant's failure to make a timely objection, we will not find plain error based on the possibility that better factual development would have made the error clear." *United States v. Frost*, 684 F.3d 963, 977 (10th Cir. 2012). This rule is particularly appropriate here because Defendant does not argue that the officers lacked the necessary expertise and experience.

## B.    Obstruction-of-Justice Enhancement

Defendant testified in his own defense at trial. He said that the only coconspirator he knew was the confidential witness working with the DEA and that his only relevant involvement with her was a romantic one. For example, he said that one of the people arrested with him was merely a stranger who had offered Defendant a ride after his truck broke down.

The probation office's Presentence Investigation Report (PSR) recommended that the district court increase Defendant's offense level under USSG § 3C1.1 (2012) to reflect his obstruction of justice through perjurious trial

testimony. Section 3C1.1 provides for a two-offense-level increase "[i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to . . . the defendant's offense of conviction." The commentary to this guideline provides examples of specific conduct to which the guideline applies, including "committing, suborning, or attempting to suborn perjury." *Id.* cmt. n.4(B). The district court adopted the PSR's recommendation.

In applying the obstruction-of-justice guideline, "[w]e require that a district court be explicit about which representations by the defendant constitute perjury." *United States v. Hawthorne*, 316 F.3d 1140, 1146 (10th Cir. 2003). Specificity is needed "so that when we review the transcript we can evaluate the . . . findings of the elements of perjury against an identified line of questions and answers without having simply to speculate on what the district court might have believed was the perjurious testimony." *Id.* (internal quotation marks omitted). Defendant contends that the district court failed to identify what specific testimony it believed to be perjurious. But he never objected to the court's allegedly inadequate explanation; rather, his lawyer only stated at the outset of the hearing that "I don't know that it could necessarily be said that his testimony was perjurious." Aplt. Br., Attach. 2 at 4 (Tr. Sentencing Hr'g at 4, *United States v. Olivas-Castaneda*, No. 08-CR-02339-001-BB (D.N.M. Sept. 10, 2012)). Thus,

we review his procedural challenge to the adequacy of the district court's findings only for plain error. *See United States v. Gantt*, 679 F.3d 1240, 1247–48 (10th Cir. 2012) (conducting plain-error review of a claim of inadequate explanation of a sentencing decision because defendant had failed to alert district court that its explanation was deficient).

Here, there was no error because there is no need for us "to speculate on what the district court might have believed was the perjurious testimony." *Hawthorne*, 316 F.3d at 1146. After Defendant said at his allocution that he did not know the criminals with whom he was arrested, the district court responded, "[Y]ou have had your chance to tell the jury all of this, and you did that. They clearly did not agree with you. They found you guilty. And it was my impression of the evidence that you did know [your co-felons]." Aplt. Br., Attach. 2 at 14 (Tr. Sentencing Hr'g at 14, *Olivas-Castaneda*, No. 08-CR-02339-001-BB). The court continued: "I don't think you're the most culpable in this situation, but I also am clearly convinced that you were involved and that you knew these people. You did not ride around in a car with people you do not know to deserted warehouses." *Id.* at 15. The court concluded, "I do think you are culpable of obstructing justice. Your testimony at trial clearly was perjurious, as are your statements here today, in my opinion." *Id.* The court's statements were adequate to support the enhancement.

## II.    CONCLUSION

We AFFIRM Defendant's conviction and sentence.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge