**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRIAN J. JUANICO,

    Defendant - Appellant.

No. 15-2229
(D. N.M.)
(D.C. No. 1:14-CR-03095-JB-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Chief Judge, **EBEL**, and **LUCERO**, Circuit Judges.

---

Brian Juanico pleaded guilty to three counts of assault of an intimate partner by strangling or suffocation, in violation of 18 U.S.C. §§ 113(a)(8) and 1153. The charges arose out of a 2014 incident in which Juanico attacked the mother of his three children. At sentencing, the district court imposed a prison sentence of eighteen months, followed by three years of supervised release, and a fine of $53,423.55. Juanico appeals only the fine. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM the district court's imposition of the fine.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. Background

The victim, a member of the Acoma Pueblo Tribe, reported to the Acoma Tribal Police Department that Juanico had assaulted her on the reservation. She stated that after she had returned from Denver to pick up Juanico and one of her daughters at Juanico's home on the reservation, Juanico had become upset with her. She reported that Juanico had then choked her three times, making it difficult to breathe each time. Juanico also threatened to hit her with a golf club and shoot her with a gun.

The tribal court issued a warrant for Juanico's arrest, and Juanico turned himself in. An agent of the Bureau of Indian Affairs Office of Justice Services interviewed the victim about the incident, and then filed a complaint in federal district court in New Mexico charging Juanico with assault by strangulation.

Juanico pleaded guilty to all charges without a plea agreement. The probation office calculated Juanico's Sentencing Guidelines range to be thirty-three to forty-one months. The office also collected financial information from Juanico to determine his fine range. His most recent job, obtained while on release before trial, paid a gross monthly income of $3986.67, resulting in about $3000 a month in take-home pay. Juanico's mobile home was worth about $130,000 with a mortgage of $56,931. After adding in a 401(k), pickup trucks, tools, and various personal loans and collections against him, Juanico's total liabilities were $95,453 and his net worth was $95,347. The fine range under the

Sentencing Guidelines was thus $7500 to $75,000. The probation office recommended, however, that the court not impose a fine in light of Juanico's financial situation and his multiple dependents.

At sentencing, although Juanico argued for a sentence of time-served (104 days), the district court imposed a sentence of eighteen months, to be followed by three years of supervised release. The court varied downward from the Guidelines range because of several factors, including, among others, Juanico's family's support, his employment, and his admission that he had made a terrible mistake. In addition, the court stated that the imposition of a fine would substitute for some prison time.

Juanico's counsel objected to the imposition of any fine, arguing that his financial obligations would prevent him from being able to make any payments. The court nonetheless stated it would impose a fine of $53,423.55 to cover the costs of Juanico's incarceration for eighteen months and supervised release for three years. In response to counsel's objections, the court proposed a payment plan involving thirty-six monthly payments of $1484 to begin upon the end of Juanico's incarceration. Counsel again objected, claiming Juanico's duty to pay child support might make these payments impossible. The court overruled the objections and imposed the sentence.

## II. Analysis

Juanico argues that the district court committed procedural error in imposing the fine. Specifically, he argues that the court did not consider the burden the fine would impose and its possible impact on his dependents.

We review the imposition of sentences for reasonableness under an abuse of discretion standard. *See United States v. Perez-Jiminez*, 654 F.3d 1136, 1144–45 (10th Cir. 2011). We review a factual finding that a defendant is able to pay a fine for clear error. *See United States v. Trujillo*, 136 F.3d 1388, 1398 (10th Cir. 1998). We presume that a fine within the Guidelines range is reasonable. *See Perez-Jiminez*, 654 F.3d at 1147.

The Guidelines advise that a court should impose a fine unless a defendant establishes that he is unable to pay. The defendant bears the burden of making such a showing. *See id.* at 1145.

When imposing a fine, the district court must consider several factors laid out in both the U.S. Code and the Sentencing Guidelines. *See* 18 U.S.C. §§ 3553(a), 3572(a); USSG § 5E1.2(d); *see also Perez-Jiminez*, 654 F.3d at 1145. "Although the 'district court is not required to make factual findings specific to each factor . . .,' we have indicated that 'the record must reflect the court's consideration of the pertinent factors and the basis for the imposition of a fine.'" *Perez-Jiminez*, 654 F.3d at 1145–46 (quoting *United States v. Vigil*, 644 F.3d 1114, 1124 (10th Cir. 2011)).

Having reviewed the district court's thorough order, we find that it adequately addressed the requisite factors, and that the presumption of reasonableness accorded fines within the Guidelines range is not rebutted here. First, Juanico does not argue that the fine falls outside the appropriate Guidelines range. His primary contention is that the district court failed to properly analyze the burden the fine would place on Juanico and his dependents. But the district court explicitly laid out the factors it needed to consider, and stated that it was imposing the fine "[a]fter considering the fourteen applicable factors." R. at 118. The court stated it was "acutely aware of Juanico's family obligations," but found that a fine was the proper punishment in this instance. *Id.* at 119. The district court also found that material possessions matter to Juanico, and the loss of them would deter further criminal conduct. Finally, by allowing the fine to be paid in installments over three years, the court somewhat lessened the hardship. Contrary to Juanico's argument, the district court did consider the burden the fine might place on Juanico and his dependents.

The court then found that Juanico had not proven by a preponderance of the evidence that he will be unable to pay the fine.[1] Reviewing for clear error, we

---

[1] Juanico argues that the district court erred by stating, "While the difficulty a fine will cause is certainly relevant when [a defendant] is arguing that the Court should not impose a fine, it is not relevant once the Court decides to impose a fine. At that stage, difficulty to the defendant is not the issue; the sole issue is whether he can pay the fine." Dist. Ct. Order 49. If considered by itself, that sentence would be error. *See* 18 U.S.C. 3572(a) (requiring a court to

(continued...)

affirm this finding. The district court found that Juanico could sell his mobile home, or take loans using his assets as collateral, although perhaps a difficult option, the fact remains that he would be able to finance payments on the fine. Having already considered the burden placed on Juanico by the fine, as well as the other required factors, the district court did not clearly err in concluding Juanico would be able to pay the fine after his release from incarceration.

We also note that this case bears a striking similarity to a recently published decision of this court that affirmed the imposition of a fine by the same judge in the District of New Mexico under similar circumstances. *See United States v. Basurto*, No. 15-2119, ___ F.3d ___ (10th Cir. 2016). In that case, the district court found the defendant could afford to pay a fine by selling her house. Despite the procedural hurdles and monetary burdens of doing so, we affirmed the imposition of the fine. *See id.* at ___. We also affirmed the district court's decision to not consider hardship in its ability-to-pay analysis. *Basurto* supports affirming the district court's imposition of a fine in this case. Having said that, although a district court need not go through every factor in explicit detail, a

[1](...continued)
consider the burden on the defendant when determining both whether to impose a fine and the amount of the fine); USSG § 5E1.2(d), (e) (same). However, the remainder of the district court's careful and extensive order reveals that the court did thoroughly consider the burden that a fine of this amount would impose on Juanico and his dependents.

more precise and holistic explanation of the § 3572(a)(2) factors lessens the risk of appeal and facilitates our appellate review.

Juanico's final argument concerns the amount of the fine. Because he did not challenge the amount in the district court, he concedes we review for plain error. The familiar plain error test requires reversal if the district court commits "(1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007). Juanico argues that the district court failed to consider the possibility that he would be released from prison earlier than eighteen months due to good-time credits. In addition, he argues that the district court should have considered that the Bureau of Prisons might decide to place him in a less costly community corrections center for the final few months before his release.[2] Even assuming, however, that the district court erred when it failed to consider these two possibilities, we find such an error could not have been "plain," as required for reversal. Juanico points to no cases, and we find none, that require a district court to make these types of considerations. And for good reason: Juanico, contrary to his assertions on appeal, was not "entitled" to good time credit, nor was he "virtually certain" to receive such credit. Aplt. Br. at 31. Without the

---

[2] In his reply brief, Juanico notes that he was, in fact, released three months early due to good-time credits. The district court could not have known this at the time of sentencing, of course.

benefit of foresight, neither the district court nor Juanico could have predicted whether his behavior in prison would conform to the rules. The district court did not plainly err when it imposed a fine based on the cost of Juanico's imprisonment.

## III.  Conclusion

We AFFIRM the district court's imposition of the fine.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge