FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

COLBY SCOTT SHEPHERD
a/k/a Colby Scott Shephard,

    Defendant-Appellant.

No. 20-6192
(D.C. No. 5:19-CR-00052-F-1)
(W.D. Okla.)

---

### ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **SEYMOUR** and **BALDOCK**, Circuit Judges.

---

Defendant Colby Scott Shepherd appeals his 300-month sentence for drug conspiracy in violation of 21 U.S.C. § 846, asserting that it was procedurally and substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant has a lengthy history of drug abuse and prison service.  While serving a sentence in Oklahoma state prison and, under the auspices of the Universal Aryan Brotherhood ("UAB"), Defendant organized drug deals from behind bars using a contraband cell phone.  As part of an investigation into the UAB's activities, the Government used a confidential informant ("CI") to arrange drug deals with Defendant.  The first attempt resulted in the CI receiving a pound of sugar instead of methamphetamine.  The Government persisted.  Acting under the name "Erik," a Government investigator messaged Defendant in an attempt to set up another deal.  After a series of profane exchanges, the two agreed to another deal and Defendant had a package containing 53.549 grams of methamphetamine delivered to "Erik."  The relationship continued.  With one successful transaction behind them, Defendant and "Erik" moved on to larger quantities.  The two agreed to the sale of two pounds of methamphetamine for $6,500 and Defendant set up delivery through a courier.  The courier arrived at the location for delivery and was arrested on scene with two pounds of methamphetamine, a firearm, a secondary supply of methamphetamine, and Xanax pills.  Thereafter, the Government executed a search warrant for Defendant's Facebook accounts and found that he had arranged numerous other drug deals from prison.  The Government secured a two-count indictment from a grand jury charging Defendant with drug conspiracy in violation of 21 U.S.C. § 846 and possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Defendant pleaded guilty to the first count without a written plea agreement and the Government subsequently dismissed the second count.

Defendant's presentence report ("PSR") assigned him a total offense level of 36 and a criminal history category of VI. Accordingly, the PSR recommended an advisory guideline range of 324–405 months' imprisonment. Defendant filed various objections to the PSR that do not bear directly on the present appeal. After considering Defendant's objections to the PSR and the arguments he raised at sentencing, the district court departed downwards from the guideline range and sentenced Defendant to 300 months in prison. Unsatisfied with that departure, Defendant claims his sentence is infirm because it is procedurally and substantively unreasonable. We disagree.

The parties do not dispute that Defendant failed to contemporaneously raise the arguments presented to us in this appeal before the district court. Accordingly, we review the procedural reasonableness of Defendant's sentence for plain error. *United States v. Ruby*, 706 F.3d 1221, 1225–26 (10th Cir. 2013). "Under plain error review, the defendant must demonstrate (1) there is error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1226 (citing *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007)). Defendant contends his sentence is procedurally unreasonable because, according to him, "the district court failed to adequately consider his mitigation arguments." Aplt's Substitute Br. at 11. Specifically, Defendant asserts the district court failed to sufficiently explain its decision to reject his argument that, among other things, he was driven to drug dealing because his own addiction had led him into the debt of a prison gang. Defendant believes the district court's statement "[n]obody in this courtroom is going to argue with the fact that [Defendant] is very much committed to being a dope dealer" demonstrates that

the district court did not appropriately consider his mitigation argument and contends that the district court's conduct at sentencing fell below the standard we articulated in *United States v. Wireman*, 849 F.3d 956, 958–59 (10th Cir. 2017). We do not share Defendant's evaluation of the district court's performance.

In *Wireman*, we addressed the issue of what constitutes a sufficient explanation of a defendant's sentence. We noted our duty "to ensure that the district court considered the parties' arguments for different sentences—an obligation that 'normally' requires the district court to explain why [it] . . . rejected any nonfrivolous arguments—and that the district court ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.* at 958 (quoting *Rita v. United States*, 551 U.S. 338, 356–57 (2007)) (cleaned up). We further explained that a "'functional rejection' of a defendant's arguments" satisfied this obligation. *Id.* at 959 (citing *United States v. Martinez-Barragan*, 545 F.3d 894, 903 (10th Cir. 2008)). That is, the district court does not need to specifically or directly address a defendant's arguments so long as the sentence imposed falls within the guideline range and complies with the list of factors detailed in 18 U.S.C. § 3553(a). *Id.* at 958–59. Instead, "the district court may satisfy its obligation to explain its reasons for rejecting the defendant's arguments for a below-Guidelines sentence by *entertaining* the defendant's arguments, and then somehow indicating that it did not rest on the guidelines alone, but considered whether the guideline sentence actually conforms, in the circumstances, to the [18 U.S.C. § 3553(a)] statutory factors." *Id.* at 958–59 (cleaned up and citations omitted) (emphasis in original). Although our opinion in *Wireman*, by virtue of its facts, limited its reasoning to sentences falling within the guideline range, the force

4

of reason compels us to extend it to sentences below the guideline range. *See id.* at 958–66.

That leads us to the content of the district court's sentencing decision. At the hearing, the district court stated:

> [T]his is also not a case in which I impose the sentence with the wave of the hand. When I have a person before me with, if you can believe it, 38 criminal history points, it might be tempting to impose a sentence way up into the guideline range with a wave of the hand. I don't do that. And the reason for that is that my sentencing decision is influenced by some of the considerations that [Defendant's counsel] has quite effectively advocated.

We believe this statement satisfied the district court's obligation to explain Defendant's sentence. The district court's observation that "[n]obody in this courtroom is going to argue with the fact that [Defendant] is very much committed to being a dope dealer" does not undermine that conclusion. Whatever Defendant's motivations may or may not have been, the record clearly shows that the district court's conclusion was not unreasonable and does not constitute plain error. Furthermore, contrary to Defendant's view, the district court's statement does not mean it failed to consider Defendant's mitigation arguments, it simply means that the district court was not persuaded by it. We have little difficulty concluding the district court's acceptance of some of Defendant's mitigation arguments along with its discussion of the § 3553(a) factors served as a "functional rejection" of the others and satisfied its obligations. *See Wireman*, 849 F.3d at 958–59. Defendant's sentence is, therefore, procedurally reasonable.

Proceeding to the question of substantive reasonableness, we "review 'all sentences—whether inside, just outside, or significantly outside the Guidelines range—

5

under a deferential abuse-of-discretion standard.'" *United States v. Smart*, 518 F.3d 800, 806 (10th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). A district court abuses its discretion if "the sentence was 'arbitrary, capricious, whimsical, or manifestly unreasonable.'" *United States v. Garcia*, 946 F.3d 1191, 1211 (10th Cir. 2020) (quoting *United States v. DeRusse*, 859 F.3d 1232, 1236 (10th Cir. 2017)). Defendant claims his sentence is substantively unreasonable because his "severe and untreated methamphetamine addiction, the undercover officer's vague but ominous threats to [Defendant's] family, and the fact that [Defendant] has never been suspected of carrying a firearm or encouraging others to do so" make it excessive. Aplt's Substitute Br. at 22. Defendant's counsel raised these arguments before the district court. The record shows that the district court not only considered, but credited, some of these arguments at sentencing and that they caused the district court to grant Defendant a significant downward departure from the guideline range. Based on these facts, and the totality of the facts considered by the district court, we conclude there was no abuse of discretion. Accordingly, Defendant's sentence is substantively reasonable.

We conclude Defendant's sentence was procedurally and substantively reasonable. The judgment of the district court is **AFFIRMED**.

Entered for the Court

Bobby R. Baldock
Circuit Judge

6