**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**October 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

  Plaintiff–Appellee,

v.

SILVESTRE TERRAZAS-VILLA,

  Defendant–Appellant.

No. 09-2009
(D.C. No. 1:08-CR-01622-WJ-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Silvestre Terrazas-Villa appeals his sentence of forty-one months' imprisonment

for re-entering the United States following deportation in violation of 8 U.S.C. § 1326.

In a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967), Terrazas-Villa's

counsel asserts that there are no nonfrivolous arguments for presentation on appeal and

moves for leave to withdraw. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

U.S.C. § 1291, we affirm Terrazas-Villa's sentence and grant counsel's motion to withdraw.

## I

Terrazas-Villa is an undocumented immigrant who resided in Albuquerque, New Mexico. He has a history of illegal entry: Terrazas-Villa was first removed from the United States in 2005. Despite this removal, he re-entered the country. In 2007, he was convicted of illegal re-entry, along with several drug-related crimes. After serving his sentence for these crimes, he was deported to Mexico.

Shortly thereafter, Terrazas-Villa again entered the United States without authorization and was quickly re-apprehended. He claims that he re-entered to help his wife and daughter move from Albuquerque to Mexico, because both suffer from serious medical conditions. Without entering into a plea bargain, Terrazas-Villa pled guilty to re-entering the United States following deportation.

Terrazas-Villa's probation officer then prepared a pre-sentence report ("PSR") for the court. The PSR calculated a suggested offense level of twenty-one and a criminal history category of IV. The resulting Federal Sentencing Guidelines range was fifty-seven to seventy-one months' imprisonment. Terrazas-Villa did not object to the PSR's factual findings. He petitioned the court, however, for a departure from the Guidelines based on his family ties, family responsibilities, and his belief that his criminal history category was "significantly over-represented." Terrazas-Villa also requested a variance based on his family ties and responsibilities. The district court declined to grant a

-2-

departure, but granted a downward variance based on Terrazas-Villa's family ties and his daughter's medical condition. Terrazas-Villa ultimately received a sentence sixteen months below the bottom of his Guidelines range.

## II

Under Anders, if an attorney examines a case and determines that any appeal would be "wholly frivolous," counsel may "so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that could potentially present an appealable issue. Id. The client may then choose to offer argument to the court. Id. If, upon close examination of the record, the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. Id. Counsel in the present case served Terrazas-Villa with a copy of the appellate brief; Terrazas-Villa did not file a response.

The only arguably appealable issue raised in defense counsel's brief, and the only appealable issue we discern in the record, is the reasonableness of Terrazas-Villa's sentence. We review a district court's sentencing determination for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007). A sentencing court abuses its discretion if it imposes a sentence that is procedurally or substantively unreasonable in light of the factors found in 18 U.S.C. § 3553(a). United States v. Geiner, 498 F.3d 1104, 1107 (10th Cir. 2007). Examples of procedural unreasonableness include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as

mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597. When a defendant does not contemporaneously object to the procedure used, we correct only plain error. United States v. Romero, 491 F.3d 1173, 1177 (10th Cir. 2007). If a district court did not make a significant procedural error, we then determine the substantive reasonableness by looking to the totality of the circumstances. Gall, 128 S. Ct. at 597. Sentences falling outside of the recommended Guidelines range, however, are not presumptively unreasonable. Id.

The district court did not commit plain error in arriving at Terrazas-Villa's sentence. It correctly calculated his sentence according to the Guidelines. Given that the court departed from them, it clearly did not regard the Guidelines as mandatory. Moreover, Terrazas-Villa does not contend that the court based its determination on erroneous facts.

The district court also provided a detailed explanation of its reasons for imposing the forty-one month sentence, and its explanation took the § 3553(a) factors into consideration. First, the court considered the hardship that prolonged imprisonment would cause to Terrazas-Villa's family. Noting that departure for family reasons is rare, the court made a factual determination that the hardship in Terrazas-Villa's case was not extraordinary; thus, no departure was warranted. Second, the court observed that several § 3553(a) factors weighed against granting a variance, including the need for the sentence

imposed "to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant." However, it determined that Terrazas-Villa's family ties and responsibilities outweighed these concerns and that a sentence of forty-one months was sufficient to comply with the purposes set forth in § 3553(a)(2).

Under the totality of the circumstances, the sentence is not substantively unreasonable. Terrazas-Villa previously entered the United States illegally and committed drug crimes. Nevertheless, the court provided a sixteen month downward variance so that he could better care for his ill daughter. In sum, this sentence is not unduly harsh.

## III

For the foregoing reasons, we **AFFIRM** Terrazas-Villa's sentence and **GRANT** defense counsel's motion to withdraw.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

-5-