FILED
United States Court of Appeals
Tenth Circuit

March 25, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

v.

AGUSTIN SANCHEZ-FRAGOSO,

    Defendant – Appellant.

No. 14-2185
(D.C. No. 2:13-CR-04019-RB-1)
(D.N.M.)

**ORDER & JUDGMENT**[*]

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

Agustin Sanchez-Fragoso pleaded guilty to one count of reentering the United States as a removed alien. The district court sentenced him to forty-one months' imprisonment. Sanchez-Fragoso appeals and argues that his sentence is unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

BACKGROUND

In September 2013, border patrol agents encountered Sanchez-Fragoso in Hidalgo County, New Mexico. The agents questioned Sanchez-Fragoso about his citizenship, and

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Court Rule 32.1.

he responded that he was a citizen of Mexico and illegally present in the United States. Sanchez-Fragoso's illegal presence stemmed from his July 2013 removal, which came after Sanchez-Fragoso served most of a four-year prison term after his conviction for possessing cocaine with intent to distribute it.

After filing a complaint, the government offered Sanchez-Fragoso the opportunity to plead guilty and take advantage of a fast-track program, where defendants plead guilty early in the prosecution and waive their rights to file certain motions and to appeal, in exchange for shorter sentences. *See United States v. Morales-Chaires*, 430 F.3d 1124, 1127 (10th Cir. 2005) (describing the fast-track sentencing program). Sanchez-Fragoso refused that opportunity, hoping to argue for an even shorter sentence.

A grand jury indicted Sanchez-Fragoso on one count of reentry of a removed alien, in violation of 8 U.S.C. §§ 1326(a) and (b). Sanchez-Fragoso ultimately pleaded guilty to that charge without the benefit of a plea agreement. Before sentencing, the probation officer completed a presentence report (PSR). The PSR set Sanchez-Fragoso's base offense level under the Sentencing Guidelines at eight. *See* U.S.S.G. § 2L1.2. The PSR then added sixteen levels because Sanchez-Fragoso had been previously convicted of possessing cocaine with intent to distribute, an offense for which the sentence imposed exceeded thirteen months. *See* U.S.S.G. § 2L1.2(b)(1)(A). Sanchez-Fragoso's total offense level was twenty-one, after the PSR credited his acceptance of responsibility. U.S.S.G. § 3E1.1(a)–(b). Sanchez-Fragoso's criminal history category was II because of his earlier felony drug conviction. Accordingly, the PSR provided an advisory Guidelines imprisonment range of forty-one to fifty-one months.

Before sentencing, Sanchez-Fragoso sought a downward variance from the applicable Guidelines range. He argued that the sixteen-level increase under § 2L1.2(b)(1)(A) was too severe, and he relied on cases where judges criticized the enhancement. Sanchez-Fragoso also contended that, based on the sentencing factors that district judges must consider under 18 U.S.C. § 3553(a), a sentence of forty-one months—the low end of the Guidelines range—would be "far greater than necessary to achieve the stated [§ 3553(a)] objectives." R. vol. I at 13. Rather, he argued that a twenty-month sentence would be appropriate. The government opposed Sanchez-Fragoso's request for a downward variance.

At sentencing, the district court reviewed the PSR and factual findings and considered the § 3553(a) factors. It then imposed a sentence of forty-one months, concluding that nothing justified a variance from the Guidelines range. The court noted Sanchez-Fragoso's previous felony conviction and deportation as reasons for denying a downward variance. The district court decided that Sanchez-Fragoso's asserted circumstances for reentry—his desire to see his family—did not warrant "some exceptional treatment." R. vol. III at 11. Sanchez-Fragoso did not object after the district court announced the sentence. Sanchez-Fragoso has timely appealed.

## DISCUSSION

On appeal, Sanchez-Fragoso challenges his sentence as unreasonable. He advances two arguments. First, he contends that the district court did not adequately explain its sentencing decision in light of Sanchez-Fragoso's familial ties and his argument

regarding the severity of the sixteen-level increase. Second, Sanchez-Fragoso asserts that the district court imposed a substantively unreasonable sentence by focusing too heavily on Sanchez-Fragoso's previous drug trafficking crime and mentioning that Sanchez-Fragoso had acted unwisely if he had refused to plead guilty and take advantage of the fast-track option.

Sanchez-Fragoso's first argument focuses on the procedural reasonableness of the sentence. *See United States v. Romero*, 491 F.3d 1173, 1175–76 (10th Cir. 2007) (addressing a sentence's procedural reasonableness when the defendant argued that his sentence was unreasonable because the district court failed to explain its reason for rejecting a cultural assimilation argument for a below-Guidelines sentence). Generally, we review the procedural reasonableness of a sentence for an abuse of discretion. *United States v. Sanchez-Leon*, 764 F.3d 1248, 1262 (10th Cir. 2014). But at sentencing, Sanchez-Fragoso did not object to the district court's explanation of its sentence. Therefore, we only review this argument for plain error. *See Romero*, 491 F.3d at 1178 (reviewing only for plain error because the defendant did not object on procedural grounds after the district court imposed sentence).

We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Lopez-Flores*, 444 F.3d 1218, 1222 (10th Cir. 2006). After reviewing the record, we conclude that the district court did not commit plain error. The district court considered Sanchez-Fragoso's arguments against the application of § 2L1.2(b)(1)(A) and rejected them. The district court noted Sanchez-

Fragoso's felony drug conviction and his multiple attempts to reenter the United States despite the earlier removal. Before it imposed sentence, the district court not only explicitly denied Sanchez-Fragoso's request for a downward variance, but also stated that it had reviewed the PSR and considered the § 3553(a) factors. The district court simply disagreed with Sanchez-Fragoso. We find no error with the procedural reasonableness of the sentence.

Sanchez-Fragoso's second argument regarding the application of the sixteen-level increase under U.S.S.G. § 2L1.2(b)(1)(A) is an attack on the substantive reasonableness of his sentence. We review this challenge for an abuse of discretion. *United States v. Montgomery*, 550 F.3d 1229, 1233 (10th Cir. 2008). We give substantial deference to the district court because it has "an unquestionable institutional advantage over an appellate court to consider whether the facts of an individual case justify a variance under § 3553(a)." *United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009) (quoting *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008)). Because the district court imposed a within-Guidelines sentence, we presume that the sentence is reasonable. Sanchez-Fragoso must rebut this presumption by demonstrating that the sentence is unreasonable when viewed against the other § 3553(a) factors. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006).

This Sanchez-Fragoso does not do. He first contends that § 2L1.2 is unjust and points us to various district court cases criticizing the sixteen-level increase. *See, e.g.*, *United States v. Zapata-Trevino*, 378 F. Supp. 2d 1321, 1324–28 (D.N.M. 2005). Whatever merit Sanchez-Fragoso's argument may have, we will not invalidate a sentence simply because

- 5 -

a defendant disagrees with the policies behind the Guidelines. *See United States v. Wilken*, 498 F.3d 1160, 1172–73 (10th Cir. 2007) (rejecting defendant's policy argument against counting earlier drug convictions in determining that he was a career offender); *see also United States v. McCullough*, 457 F.3d 1150, 1171 (10th Cir. 2006), *cert. denied*, 549 U.S. 1136 (2007) (stating that a sentence is not rendered unreasonable merely because a district court refuses to deviate from the advisory guideline range on policy grounds).

Next, Sanchez-Fragoso argues that his forty-one month sentence is unreasonable because the district court substantially overstated some of the § 3553(a) factors, although he does not specify which ones. He argues that the district court should not have relied so heavily on his previous felony drug conviction (his only felony conviction) and instead should have focused on the number of relatives who live in the United States and are citizens. Ultimately, Sanchez-Fragoso argues that a reentering the country as a removed alien is not severe enough to merit this sentence.

We are unconvinced. The district court noted Sanchez-Fragoso's earlier drug trafficking conviction—one for possessing cocaine with the intent to distribute it. Sanchez-Fragoso conceded at sentencing that he reentered the country only two months after completing his prison term and being deported. Sanchez-Fragoso argues that his sentence is unnecessary for deterrence, rehabilitation, or educational opportunities. We disagree. Sanchez-Fragoso's quick reentry soon after his deportation concerned the district court enough that it denied his variance request. And we also note that the "reentry of an ex-felon is a serious offense." *United States v. Martinez-Barragan*, 545

F.3d 894, 905 (10th Cir. 2008). Additionally, contrary to Sanchez-Fragoso's assertions, the district court did consider his acculturation and his family circumstances (all of his children are U.S. citizens). The district court simply rejected those arguments, concluding that, with his criminal history and with his circumstances, Sanchez-Fragoso had not demonstrated that he deserved "some exceptional treatment." R. vol. III at 11. We agree. A district court may grant a downward variance based on the defendant's family circumstances, but it should do so only in extraordinary circumstances. *See* U.S.S.G. § 5H1.6. Sanchez-Fragoso has not pointed us to any extraordinary circumstances that the district court overlooked. Sanchez-Fragoso has not overcome the presumption of reasonableness of his within-Guidelines sentence. His substantive reasonableness claim fails.

## CONCLUSION

We affirm Sanchez-Fragoso's sentence.

Entered for the Court


Gregory A. Phillips
Circuit Judge