**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 8, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHNNY LEE IVORY III,

Defendant - Appellant.

No. 15-3238
(D.C. No. 5:13-CR-40060-DDC-5)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **MORITZ**, Circuit Judges.[**]

# I. Introduction

This appeal arose from an investigation into a drug-trafficking operation in

the Geary County, Kansas area. Appellant Johnny Lee Ivory was arrested and

charged with one count of conspiracy to distribute more than 280 grams of

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] Per the court's February 14, 2017 Order, the panel granted Ivory's unopposed motion to submit this appeal on the briefs.

cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a); one count of possession with intent to distribute at least 28 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1); and one count of unlawful possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).

Before trial, Ivory moved to dismiss the indictment for Speedy Trial Act violations. The district court overruled the motion, finding the court had previously granted an ends-of-justice continuance that tolled the speedy-trial clock. Also before trial, the district court admitted cell-service location information (CSLI) the government obtained without a warrant as part of the process for determining whether certain intercepted phone calls were admissible at trial. The court also denied Ivory's motion to suppress evidence obtained from a search of his residence, finding the search warrant was supported by probable cause.

Ivory was tried along with several co-defendants, including Martye Madkins, Anthony Carlyle Thompson, and Albert Dewayne Banks, who are appellants in related appeals. At trial, the government introduced evidence found during the search of Ivory's residence. Ivory and his co-defendants were convicted on all counts. The court imposed a mandatory minimum sentence of twenty years' imprisonment, followed by ten years of supervised release.

Ivory now appeals his convictions and sentence, incorporating by reference some of the arguments made by his co-defendants Madkins, Thompson, and

Banks in their related appeals.[1]  In particular, Ivory contends the district court erred in (1) denying his motion to dismiss for Speedy Trial Act violations; (2) admitting CSLI obtained by the government without a warrant; (3) denying his motion to suppress evidence obtained from the search of his residence; and (4) delivering an unconstitutional reasonable doubt instruction to the jury.

Ivory also appeals his sentence, arguing the district court plainly erred in (1) imposing a mandatory minimum sentence of twenty years in prison without a jury finding that Ivory was accountable for the actions of his co-conspirators; and (2) failing to make particularized findings about the drug quantity attributable to Ivory as relevant conduct.

Based on our holdings in the related appeals *United States v. Madkins*, No. 15-3299 (10th Cir. 2017), and *United States v. Thompson*, No. 15-3313 (10th Cir. 2017), we affirm the court's admission of the CSLI, as well as its denial of Ivory's motion to suppress and motion to dismiss.  We also find no constitutional deficiency in the court's reasonable doubt instruction.  But we vacate Ivory's sentence and remand for resentencing.

---

[1]  We consolidated these four appeals for all procedural purposes.  The government thus submitted one consolidated response brief.  Ivory's appeal was submitted on the briefs, but we heard oral argument in the other three appeals, consolidated cases 15-3299 (Madkins), 15-3313 (Thompson), and 15-3324 (Banks).

## II.  Analysis

We address Ivory's challenges to his convictions and sentence in turn.

### A.  *Speedy Trial Act Violations*

Ivory first argues the district court violated his right to a speedy trial, and therefore his convictions should be vacated.  Pursuant to Federal Rule of Appellate Procedure 28(j), Ivory joins in and adopts by reference the Speedy Trial Act arguments made by his co-defendant Madkins.

In *United States v. Madkins*, No. 15-3299 (10th Cir. 2017), we explain the relevant factual background, which is materially indistinguishable for purposes of Ivory's appeal.  Pertinently, Ivory joined his co-defendant Thompson's motion to dismiss for Speedy Trial Act violations.  It is the district court's denial of that motion that Ivory now appeals.

In *Madkins*, we hold that the district court complied with the requirements of the Speedy Trial Act in granting an ends-of-justice continuance, because the record contains sufficient findings supporting the court's continuance.  For the same reasons, we conclude the district court did not violate Ivory's right to a speedy trial.  Accordingly, we affirm Ivory's convictions.

## B.  Admission of CSLI

Ivory next challenges the constitutionality of § 2703(d) of the Stored Communications Act, which allows the government to obtain historical CSLI upon a showing of reasonable suspicion.  Pursuant to Federal Rule of Appellate Procedure 28(j), Ivory joins in and adopts by reference the arguments made by his co-defendant Thompson.

In *United States v. Thompson*, No. 15-3313 (10th Cir. 2017), we detail the relevant factual background for Ivory's claims.  Ivory joined Thompson's motion to suppress the intercepted calls, as well as his opposition to the government's § 2703(d) application.  Ivory also filed his own suppression motion, seeking to exclude evidence obtained from the search of his residence.  Ivory now appeals the district court's rulings on these motions.

In *Thompson*, we hold that § 2703(d)'s reasonable suspicion standard does not violate the Constitution, because cell-phone users lack a reasonable expectation of privacy in their historical CSLI.  Users voluntarily convey CSLI to third parties who in turn create records of that information for their own business purposes.  And because the government's request for CSLI is not a search within the meaning of the Fourth Amendment, we conclude § 2703(d) is not unconstitutional.

For the same reasons described in *Thompson*, we conclude the court did not err in granting the government's application for orders requesting Ivory's

historical CSLI under § 2703(d) or in admitting some of that CSLI at a pretrial proceeding.

## C. Denial of Motion to Suppress

Ivory also argues the district court erred in denying his motion to suppress evidence obtained from the search of his home. Pursuant to Federal Rule of Appellate Procedure 28(j), Ivory joins in and adopts by reference the suppression arguments raised by Thompson.

We reject all of Thompson's arguments in that appeal, concluding the affidavits supporting the search warrant for his residence sufficiently alleged probable cause, and the court did not err in requiring the government to prove the provenance of the intercepted phone calls by a preponderance of the evidence. For the same reasons, we affirm the district court's denial of Ivory's motion to suppress.

## D. Reasonable Doubt Instruction

Ivory next challenges the constitutionality of the district court's reasonable doubt instruction. Ivory first encountered this instruction shortly before trial, when the district court held a jury instructions conference. Although Ivory's co-defendant Banks objected to the court's reasonable doubt instruction, Ivory did not object at the time. The court denied Banks's objection, because the instruction tracked the Tenth Circuit's pattern jury instruction. At trial, the court thus delivered the following instruction to the jury:

The government has the burden of proving a defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find that defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It only requires that the government's proof exclude any "reasonable doubt" about the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that a defendant is guilty of the crime charged, you must find that defendant guilty. If on the other hand, you think there is a real possibility that a defendant is not guilty, you must give that defendant the benefit of the doubt and return a verdict of not guilty.

R., Vol. IV at 268. The jury ultimately convicted Ivory on all counts charged.

On appeal, Ivory argues the reasonable doubt instruction is unconstitutional for three reasons: (1) the use of the phrase "firmly convinced" impermissibly diminished the government's burden of proof; (2) the use of the word "only" suggested a lesser standard of proof than reasonable doubt; and (3) the instruction did not inform the jury that reasonable doubt could also be found from the lack of evidence presented.

Because Ivory did not object below, we review his challenge to the sufficiency of the court's instruction for plain error. *See United States v.*

*Wolfname*, 835 F.3d 1214, 1217 (10th Cir. 2016).  Accordingly, we may reverse Ivory's conviction "only if (1) an error occurred; (2) the error was plain; (3) the error affected [Ivory's] substantial rights; and (4) the error 'seriously affected the fairness, integrity, or public reputation of a judicial proceeding.'"  *See id.* (quoting *United States v. Makkar*, 810 F.3d 1139, 1144 (10th Cir. 2015)).

Our recent decision in *United States v. Petty*, 856 F.3d 1306 (10th Cir. 2017) forecloses all of Ivory's arguments.  In *Petty*, we upheld on de novo review a reasonable doubt instruction materially identical to the one Ivory challenges here.  In doing so, we recognized the longstanding rule that "the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof."  *Id.* at 1309 (quoting *Victor v. Nebraska*, 511 U.S. 1, 5 (1994)).  And we explained that the proper test for evaluating the constitutionality of a reasonable doubt instruction is "whether a 'reasonable likelihood' exists that the jury 'understood the instructions to allow conviction based on proof insufficient to meet the [reasonable doubt] standard.'"  *Petty*, 856 F.3d at 1309 (quoting *Victor*, 511 U.S. at 6).

Applying this test, we held that such a reasonable likelihood did not exist. In so holding, we reiterated our longstanding rule that "the 'firmly convinced' language, juxtaposed with the insistence that a jury must acquit in the presence of 'a real possibility' that the defendant is not guilty, is a correct and comprehensible statement of the reasonable doubt standard."  *Petty*, 856 F.3d at

-8-

1310 (quoting *United States v. Conway*, 73 F.3d 975 (10th Cir. 1995)). We also explained that viewed in the context of the entire instruction, the use of the word "only" did not diminish the government's burden of proof, but rather served to "contrast[] the reasonable doubt standard with the notion of absolute certainty." *Petty*, 856 F.3d at 1311. And finally, we concluded the instruction made it clear to jurors "that a failure to present evidence sufficient to meet [the government's] burden must result in Defendant's acquittal." *Id.*

For the same reasons we articulated in *Petty*, Ivory's challenges to the court's reasonable doubt instruction must fail. We therefore affirm his convictions.

### E. Challenges to Ivory's Sentence

Finally, Ivory attacks his sentence on two grounds, arguing the district court erred in (1) imposing a mandatory minimum sentence of twenty years in prison without a jury finding that Ivory was accountable for the distribution of at least 280 grams of cocaine base; and (2) failing to make particularized findings about the drug quantity attributable to Ivory.

Before sentencing, the probation officer prepared the presentence investigation report (PSR). The PSR stated Ivory was subject to a mandatory minimum sentence of twenty years' imprisonment on his first count of conviction, the conspiracy charge. It also calculated an advisory guidelines range of 188–235 months' imprisonment for the conspiracy conviction, a range mostly based on the

probation officer's conclusion that Ivory was responsible for 2.47 kilograms of crack cocaine. The PSR stated Ivory's conviction for possession with intent to distribute carried a mandatory minimum sentence of ten years, and his conviction for unlawful possession of ammunition carried a maximum term of ten years. Ivory did not object to the PSR at the time. At sentencing, the district court adopted the relevant conduct findings in the PSR. The court also found the guidelines range was correctly calculated. But the court agreed that the twenty-year mandatory minimum sentence applied and thus sentenced Ivory to twenty years' imprisonment, followed by ten years of supervised release.

Because Ivory did not object below to his sentence or guidelines sentencing range, we review his challenges for plain error. *See United States v. Sharp*, 749 F.3d 1267, 1291 (10th Cir. 2014). To establish plain error, Ivory must show the district court erred; the error was plain; the error affected his substantial rights; and the error "seriously affect[ed] the fairness, integrity, or public reputation" of the sentencing proceedings. *See id.* (quoting *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007)).

### 1. *Mandatory Minimum Sentence*

Ivory first argues the district court plainly erred in imposing a mandatory minimum sentence of twenty years' imprisonment without a jury finding that at least 280 grams of crack cocaine was within the scope of Ivory's particular agreement or reasonably foreseeable to him. The government concedes this issue,

agreeing with Ivory that the court plainly erred in sentencing him. We accept the government's concession, vacate Ivory's sentence, and remand for resentencing in accordance with the applicable guidelines range.

## 2. *Particularized Drug-Quantity Findings*

Ivory next argues the district court plainly erred by adopting the insufficiently particularized drug-quantity findings in the PSR, which attributed 2.47 kilograms of cocaine base to Ivory without citing to anything suggesting certain quantities of cocaine were within the scope of Ivory's agreement and reasonably foreseeable to him.

The quantity of drugs attributable to a defendant is determined under the relevant-conduct Sentencing Guideline, which holds a defendant accountable for his own acts that occurred during the commission of the offense. USSG § 1B1.3(a)(1)(A). But when the defendant's crime involved a scheme undertaken with other people, the defendant can also be held accountable for the actions of those others—but only if their actions were "within the scope of the jointly undertaken criminal activity," "in furtherance of that criminal activity," and "reasonably foreseeable in connection with that activity." USSG § 1B1.3(A)(1)(B). "Acts of others that were not within the scope of the defendant's agreement, even if those acts were known or reasonably foreseeable to the defendant, are not relevant conduct under subsection (A)(1)(B)." USSG § 1B1.3 cmt. n.3(B).

Accordingly, we have previously held that a district court plainly errs when it fails to make particularized findings regarding both jointly undertaken criminal activity and the reasonably foreseeable acts of others in connection with that criminal activity before determining the drug quantity attributable to a defendant. *See, e.g.*, *United States v. Figueroa-Labrada*, 720 F.3d 1258, 1265 (10th Cir. 2013). If a district court adopts the relevant-conduct findings of the PSR and makes no findings of its own, we review the information in the PSR "as if it were the findings of the district court." *Id.* at 1266. When a PSR "has not made particularized findings to support relevant conduct," however, "sentencing courts may not simply accept the drug quantity attributed in a PSR without making particularized findings." *Id.* at 1267.

We agree the district court erred in failing to make particularized drug-quantity findings, but we decline to resolve whether Ivory has met his burden of establishing plain error. At sentencing, the district court adopted the findings in the PSR, which attributed 2.47 kilograms of cocaine base to Ivory. The PSR reached this figure in part by extrapolating from two sources: (1) intercepted phone calls in which Ivory's co-defendant Thompson discussed quantities of cocaine; and (2) a transaction where Thompson purchased a certain quantity of cocaine from one of his suppliers. But the PSR did not cite anything suggesting those quantities were within the scope of *Ivory's* agreement. The court thus erred

-12-

in relying on these insufficiently particularized findings, and the error was plain under our precedent.

Ivory argues the court's failure to make particularized drug-quantity findings affected his substantial rights and seriously affected the fairness and integrity of the proceedings. Without the extrapolation, Ivory claims the evidence showed he was only responsible for 354.3 grams of cocaine base: an 88-gram bag and a 128.3-gram bag Ivory discussed in an intercepted phone call, and 138 grams of cocaine base seized from Ivory's mother's residence. This quantity of drugs would bring Ivory's base offense level down to 30 from 32, and his guidelines range to 151–188 months from 188–235 months.

Ivory's argument that he would have received a shorter sentence is better addressed at resentencing. As we explained above, the district court sentenced Ivory to a mandatory minimum sentence. Ivory concedes in his brief that the error regarding drug quantity was harmless, because the twenty-year mandatory minimum drove the sentence. He adds, however, that the error could become harmful without the mandatory minimum. On remand, therefore, the district court must make the requisite drug-quantity findings and resentence Ivory accordingly.

## III.  Conclusion

For the foregoing reasons, we AFFIRM Ivory's convictions but VACATE his sentence and REMAND for resentencing.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge

-14-