**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 8, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALBERT DEWAYNE BANKS,

Defendant - Appellant.

No. 15-3324
(D.C. No. 5:13-CR-40060-DDC-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **MORITZ**, Circuit
Judges.

---

## I.  Introduction

This appeal arose from an investigation into a drug-trafficking operation in

the Geary County, Kansas area.  Appellant Albert Dewayne Banks was arrested

and charged with one count of conspiracy to distribute more than 280 grams of

cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a), and multiple counts of

distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

---

[*]  This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Before trial, Banks moved to dismiss the indictment for Speedy Trial Act violations. The district court overruled the motion, finding the court had previously granted an ends-of-justice continuance that tolled the speedy-trial clock. Also before trial, the district court admitted cell-service location information (CSLI) the government obtained without a warrant as part of the process for determining whether certain intercepted phone calls were admissible at trial. The court also denied Banks's motion to suppress evidence obtained from a search of his residence, finding the search warrant was supported by probable cause.

Banks was tried along with several co-defendants, including Johnny Lee Ivory, Martye Madkins, and Anthony Carlyle Thompson, who are now appellants in related appeals. At trial, the government introduced evidence found during the search of Banks's residence. Banks and his co-defendants were convicted on all counts. The presentence investigation report (PSR) calculated the quantity of drugs attributable to Banks and the corresponding guidelines sentencing range, but it also determined Banks faced a mandatory minimum sentence of life in prison on the conspiracy conviction. Banks filed written objections to the PSR, disputing the drug-quantity calculation and the mandatory minimum sentence. Banks also objected to the imposition of a four-level leader-organizer enhancement.

At sentencing, the court rejected Banks's objections and imposed a mandatory minimum sentence of life in prison. Later, the court acknowledged it erred in imposing a mandatory life sentence, because the jury did not find that Banks was personally responsible for 280 or more grams of cocaine base. The court therefore vacated its previous sentence and adopted from the original sentencing hearing its finding that Banks was responsible for 8.477 kilograms of cocaine base. The court calculated Banks's total offense level—which included the four-level leadership enhancement—and imposed a sentence of 360 months' imprisonment.

Banks now appeals his convictions and sentence, incorporating by reference some of the arguments made by his co-defendants Madkins, Thompson, and Ivory in their related appeals.[1] In particular, Banks contends the district court erred in (1) denying his motion to dismiss for Speedy Trial Act violations; (2) admitting CSLI obtained without a warrant; (3) denying his motion to suppress evidence obtained from the search of his residence; and (4) delivering an unconstitutional reasonable doubt instruction to the jury.

Banks also appeals his sentence, arguing the district court erred in (1) failing to make particularized findings about the drug quantity attributable to him

---

[1] We consolidated these four appeals for all procedural purposes, including briefing and oral argument. The government thus submitted one consolidated response brief, and we heard oral argument in Banks's appeal along with consolidated cases 15-3299 (Madkins) and 15-3313 (Thompson). Consolidated case 15-3238 (Ivory) was submitted on the briefs.

as relevant conduct; and (2) imposing the four-level leader-organizer enhancement, because none of the evidence presented at trial established Banks served as a leader or organizer in the conspiracy.

Based on our holdings in the related appeals *United States v. Madkins*, No. 15-3299 (10th Cir. 2017); *United States v. Thompson*, No. 15-3313 (10th Cir. 2017); and *United States v. Ivory*, No. 15-3238 (10th Cir. 2017), we affirm (1) the denial of Banks's motion to dismiss; (2) the admission of the CSLI and denial of Banks's motion to suppress evidence; and (3) the reasonable doubt instruction delivered to the jury. But we vacate Banks's sentence and remand for the court to make particularized drug-quantity findings, make findings on Banks's role (if any) as a leader or organizer in the conspiracy, and resentence him accordingly.

## II. Analysis

We address Banks's challenges to his convictions and sentence in turn.

### A. *Speedy Trial Action Violations*

Banks first argues the district court violated his right to a speedy trial. Pursuant to Federal Rule of Appellate Procedure 28(j), Banks joins in and adopts by reference the Speedy Trial Act arguments made by his co-defendant Madkins.

In *United States v. Madkins*, No. 15-3299 (10th Cir. 2017), we explain the relevant factual background, and the facts for Banks's appeal are materially identical. Pertinently, Banks filed two demands for a speedy trial and, like

Madkins, filed a motion to dismiss the indictment for Speedy Trial Act violations. It is the district court's denial of that motion to dismiss that Banks now appeals.

In *Madkins*, we hold that the district court complied with the requirements of the Speedy Trial Act in granting an ends-of-justice continuance, because the record contains sufficient ends-of-justice findings. For the same reasons, we conclude the district court did not violate Banks's right to a speedy trial. Accordingly, we affirm Banks's convictions.

### B. Admission of CSLI

Banks next challenges the constitutionality of § 2703(d) of the Stored Communications Act, which allows the government to obtain historical CSLI upon a showing of reasonable suspicion. Pursuant to Federal Rule of Appellate Procedure 28(j), Banks joins in and adopts by reference the arguments regarding the constitutionality of § 2703(d) advanced by his co-defendant Thompson.

In *United States v. Thompson*, No. 15-3313 (10th Cir. 2017), we detail the relevant factual background for Banks's claims. Banks joined Thompson's opposition to the government's § 2703(d) application and filed his own suppression motion, seeking to exclude evidence obtained from the search of his residence. Banks now appeals the district court's rulings on these motions.

In *Thompson*, we hold that § 2703(d)'s reasonable suspicion standard does not violate the Constitution, because cell-phone users lack a reasonable expectation of privacy in their historical CSLI. Users voluntarily convey CSLI to

third parties who in turn create records of that information for their own business purposes. And because the government's request for CSLI is not a search within the meaning of the Fourth Amendment, we conclude § 2703(d) is not unconstitutional.

For the same reasons outlined in *Thompson*, we hold the district court did not err in granting the government's application for orders requesting historical CSLI or in admitting the CSLI at a pretrial proceeding.

## C. Denial of Motion to Suppress

Banks also argues the district court erred in denying his motion to suppress evidence obtained from the search of his home. Pursuant to Federal Rule of Appellate Procedure 28(j), Banks joins in and adopts by reference the suppression arguments raised by his co-defendant Thompson.

In *Thompson*, we conclude the affidavits supporting the search warrant for Thompson's residence sufficiently alleged probable cause, and the court did not err in requiring the government to prove the provenance of the intercepted phone calls by a preponderance of the evidence. For the same reasons, we affirm the district court's denial of Banks's motion to suppress.

## D. Reasonable Doubt Instruction

Banks next contends the district court's reasonable doubt instruction was constitutionally deficient. Pursuant to Federal Rule of Appellate Procedure 28(j),

Banks joins in and adopts by reference the arguments regarding the district court's reasonable doubt instruction raised by his co-defendant Ivory.

The factual background is the same as that described in *United States v. Ivory*, No. 15-3238 (10th Cir. 2017), with one distinction: unlike Ivory, Banks objected to the court's instruction at the instructions conference. Therefore, we review his challenge to the sufficiency of the instruction de novo. *See Tillman v. Cook*, 215 F.3d 1116, 1123 (10th Cir. 2000).

But Banks's challenge fares no better than Ivory's. As we explain in *Ivory*, our recent decision in *United States v. Petty*, 856 F.3d 1306 (10th Cir. 2017)*, forecloses all of the appellants' arguments about the constitutionality of the instruction. In *Petty*, we reviewed de novo the constitutionality of a materially identical reasonable doubt instruction and squarely rejected the precise challenges Ivory and Banks assert on appeal. For the same reasons articulated in *Ivory*, we reject Banks's challenges to the constitutionality of the instruction.

### E. Challenges to Banks's Sentence

Finally, Banks attacks his sentence in two ways, arguing the district court erred in (1) failing to make particularized findings about the drug quantity attributable to him as relevant conduct; and (2) imposing a four-level leadership enhancement without any support in the record.

Before sentencing, the probation officer prepared the presentence investigation report (PSR). The PSR found Banks responsible for 8.477

kilograms of cocaine base and applied a two-level enhancement for possession of a firearm and a four-level enhancement for being a leader or organizer of a criminal activity involving five or more participants. This yielded a total offense level of 42, with a corresponding advisory guidelines range of 360 months to life in prison. But the PSR also determined Banks was subject to a mandatory minimum sentence of life in prison on the conspiracy conviction, thus rendering moot any otherwise applicable guidelines calculations.

Banks filed written objections to the PSR, disputing the drug-quantity calculation and the facts on which it was based, as well as the determination that he faced a mandatory life sentence. Banks also objected to the four-level leadership enhancement, arguing there was no evidence presented at trial of any of the factors identified in the Guidelines that would establish Banks as a leader or organizer.

At sentencing, the court rejected Banks's objections, finding that because Banks was found guilty of a conspiracy involving more than 280 grams of crack cocaine, the mandatory minimum applied—even without a jury finding that Banks was individually responsible for that amount. The court also found Banks served in a leadership role and applied the four-level enhancement. With a total offense level of 40 and a criminal history category of IV, Banks's corresponding guidelines range was 360 months to life in prison. But the court imposed what it believed was a mandatory minimum sentence of life in prison.

The court later realized it erred in imposing a mandatory life sentence, because the jury did not find Banks was personally responsible for 280 or more grams of cocaine base. Accordingly, the court vacated Banks's sentence and all of its previous findings. The court then adopted from the previous sentencing hearing its finding that Banks was responsible for 8.477 kilograms of cocaine base. Based on this finding, the court calculated a total offense level of 40—which included the four-level leadership enhancement—and a criminal history category of IV. The court sentenced Banks to 360 months' imprisonment.

### 1. *Particularized Drug-Quantity Findings*

Banks first argues that in finding him accountable for 8.477 kilograms of crack cocaine, the district court failed to make particularized findings about the drug quantity attributable to him as relevant conduct.

We review for clear error a district court's determination of the drug quantity attributable to a defendant, including the scope of jointly undertaken criminal activity. *United States v. Sells*, 541 F.3d 1227, 1235 (10th Cir. 2008). Here, the government concedes the district court clearly erred in failing to make particularized findings and joins Banks's request for vacatur of his sentence on that basis. We accept the government's concession, vacate Banks's sentence, and remand for the district court to make the requisite findings and resentence Banks accordingly.

## 2. Four-Level Leadership Enhancement

Banks next argues the court erred in imposing the four-level leadership enhancement, even though no evidence in the record supports application of the enhancement.

We review challenges to the imposition of guidelines enhancements for clear error as to findings of fact and de novo as to questions of law. *United States v. Irvin*, 682 F.3d 1254, 1276–77 (10th Cir. 2012).

Section 3B1.1(a) of the Sentencing Guidelines provides for a four-level increase in a defendant's total offense level "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." The application notes explain,

> Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1 cmt. n.4.

We have previously stated, "[i]n considering these factors, the sentencing court should remain conscious of the fact that the gravamen of this enhancement is control, organization, and responsibility for the actions of other individuals because § 3B1.1(a) 'is an enhancement for organizers or leaders, not for

important or essential figures.'" *United States v. Torres*, 53 F.3d 1129, 1142 (10th Cir. 1995) (quoting *United States v. Roberts*, 14 F.3d 502, 523 (10th Cir. 1993)). And we have clarified that "[t]his is not a particularly onerous showing: 'The Guideline requires only a conclusion that the defendant supervised at least one such participant; it does not require the court to identify specific examples.'" *United States v. Gallant*, 537 F.3d 1202, 1241 (10th Cir. 2008) (quoting *United States v. Aptt*, 354 F.3d 1269, 1287 (10th Cir. 2004)).

The problem here, however, is there were no findings upon which the district court could have relied in imposing the enhancement. Although the court discussed the § 3B1.1 factors and made factual findings during the *initial* sentencing hearing, at resentencing the court vacated all of its previous findings except those regarding drug quantity. The court did not make any new findings on Banks's role as a leader or organizer in the conspiracy, nor did it adopt its findings from the previous sentencing hearing.

Accordingly, on remand the district court should make factual findings on Banks's role (if any) as a leader or organizer based on the 3B1.1 factors and resentence him accordingly.

-11-

## III.  Conclusion

For the foregoing reasons, we AFFIRM Banks's convictions but VACATE his sentence and REMAND for resentencing.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge
