**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 18, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY CARLYLE THOMPSON,

Defendant - Appellant.

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALBERT DEWAYNE BANKS,

Defendant - Appellant.

No. 15-3313
(D.C. No. 5:13-CR-40060-DDC-10)
(D. Kan.)

No. 15-3324
(D.C. No. 5:13-CR-40060-DDC-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **MORITZ**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the supplemental briefs filed in these matters, this

(continued...)

This matter is before us on remand from the Supreme Court. *See Thompson v. United States*, 138 S. Ct. 2706 (2018); *Banks v. United States*, 138 S. Ct. 2707 (2018).

Anthony Carlyle Thompson and Albert Dewayne Banks were arrested and charged with conspiracy to distribute more than 280 grams of cocaine base and multiple counts of distribution of cocaine base. The government received an order of disclosure for Thompson's and Banks's historical cell-service location information (CSLI) as part of the process for determining whether certain intercepted phone calls were admissible at trial. The government received this order under the Stored Communications Act, 18 U.S.C. § 2703(d), which allowed the government to obtain a court order for disclosure of CSLI after making a showing of reasonable suspicion.

The district court ruled that cell phone users have no reasonable expectation of privacy in their CSLI, so historical cell-site orders under § 2703(d) do not violate the Fourth Amendment. Alternatively, the district court ruled that even if the Fourth Amendment did apply to CSLI, the government had presented sufficient evidence to support a search warrant based on probable cause.

---

**(...continued)
three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).

On appeal, Thompson and Banks contended the district court erred in granting the government's application for historical CSLI and in admitting that CSLI at a pretrial evidentiary hearing. They argued in their separate appeals that § 2703(d) is unconstitutional because collecting CSLI constitutes a search. The Fourth Amendment, therefore, would require the government to procure a warrant before obtaining a cell phone user's historical CSLI.

In both cases we affirmed the district court's ruling that cell phone customers have no reasonable expectation of privacy in CSLI. *United States v. Thompson*, 866 F.3d 1149 (10th Cir. 2017); *United States v. Banks*, 706 Fed. Appx. 455 (10th Cir. 2017). We read the Supreme Court's business-record cases as foreclosing Thompson's and Banks's argument, reasoning that a person does not have a reasonable expectation of privacy in business records he voluntarily turns over to a third party. We also stated in *Thompson*, however, that "we wholeheartedly recognize that Thompson raises valid concerns about the application of the third-party doctrine in the digital age. But until the Supreme Court instructs us otherwise, we are bound to follow its third-party doctrine precedents." *Thompson*, 866 F.3d at 1154.

The Supreme Court has now instructed us otherwise. While petitions for certiorari were pending in *Thompson* and *Banks*, the Supreme Court decided *Carpenter v. United States*, 138 S. Ct. 2206 (2018). In that case the Court held

that "[t]he Government's acquisition of the cell-site records was a search within the meaning of the Fourth Amendment," largely based on "the unique nature of cell phone location information." *Id.* at 2220. The Supreme Court then granted, vacated, and remanded *Thompson* and *Banks* to this court to reevaluate the cases in light of *Carpenter*. *See Thompson*, 138 S. Ct. at 2706; *Banks*, 138 S. Ct. at 2707.

We ordered supplemental briefing from the parties to determine the effect of *Carpenter* on the two cases. After briefing we are persuaded that *Carpenter* supercedes our holding that the historical cell-site orders in *Thompson* and *Banks* did not violate the Fourth Amendment.

We therefore remand the cases to the district court to determine whether its alternative holding survives *Carpenter* and for further proceedings consistent with the Supreme Court's decision. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge

-4-